STEINKE, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

[Cite as *Steinke v. Allstate Ins. Co.* (1993), 86 Ohio App.3d 798.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–92–10.

Decided March 22, 1993.

*Jeffrey L. Reed,* for appellant.

*W. Thomas Roush,* for appellee.

SHAW, Judge.

The record reveals that on October 7, 1991, Joe and Peggy Fisher filed an amended answer and a five-count counterclaim against the plaintiff-appellant, Kenneth Steinke, in a forcible entry and detainer action. Appellant requested that defendant-appellee, Allstate Insurance Company, defend him in the counterclaim action and provide insurance coverage pursuant to the policy. Allstate denied coverage and refused to defend appellant in the counterclaim action on the ground that appellant's actions were intentional and/or criminal, and, thus, expressly excluded under the policy. On November 1, 1991, appellant pled no contest and was found guilty of disorderly conduct in the Municipal Court of Auglaize County.

Thereafter, appellant filed a complaint for declaratory judgment. Both parties moved for summary judgment. On July 10, 1992, the Auglaize County Court of Common Pleas granted summary judgment in favor of Allstate on the basis that it owed no duty to provide coverage or defend appellant, denied appellant's motion, and dismissed his complaint.

Appellant now appeals from the judgment of the trial court and asserts the following assignment of error:

"The Trial Court Erred in Granting Summary Judgment in Favor of Defendant/Appellee and in not Granting Summary Judgment in Favor of Plaintiff/Appellant Since There was no Genuine Question of Material Fact But That Defendant had a Duty to Provide Insurance Coverage and Defend Plaintiff/Appellant in the Civil Assault Case Brought Against Plaintiff/Appellant."

In reviewing a summary judgment, we must follow the standard set forth in *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, that before summary judgment may be granted it must be determined:

"(1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

In determining whether an insurer owes an insured a duty to defend, the Ohio State Supreme Court held in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 180, 9 OBR 463, 465, 459 N.E.2d 555, 558, that:

"[W]here the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

In the more recent case of *Wedge Prod., Inc. v. Hartford Equity Sales Co.* (1987), 31 Ohio St.3d 65, 68, 31 OBR 180, 182, 509 N.E.2d 74, 76, the Ohio Supreme Court distinguished *Willoughby Hills,* stating as follows:

"As in *Willoughby Hills,* Hartford's policy states that its duty to defend exists 'even if any of the allegations of the suit are groundless, false or fraudulent * * *.' *Willoughby Hills,* however, does not require a defense where the complaint contains no allegation that states a claim 'potentially or arguably within the policy coverage.' There is no doubt here. No theory of recovery within the policy coverage has been pleaded, regardless of whether the allegations are true, false, fraudulent or groundless. Thus, Hartford has no duty to defend either action. See *Zanco, Inc. v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 11 OBR 413, 464 N.E.2d 513." (Footnote omitted.) See, also, *VIP Dev., Inc. v. Cincinnati Ins. Co.* (1987), 32 Ohio St.3d 337, 338, 513 N.E.2d 730, 732.

In the case *sub judice,* the insurance policy provides coverage for the following:

"[A]ll sums which an insured person becomes legally liable to pay as damages arising * * * because of bodily injury, personal injury or property damage *to which this coverage applies * * * except as limited or excluded in this policy."* (Emphasis added.)

The policy then excludes from coverage, *inter alia,* the following:

"[B]odily injury, personal injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person."

Additionally, the policy provides that Allstate will provide a defense if an insured person is sued for covered damages, even if the allegations are not true.

To establish the exclusion, Allstate supported its motion for summary judgment with a judgment entry finding the appellant guilty of disorderly conduct, in violation of R.C. 2917.11. On the other hand, appellant argues that the nature of his conduct was still at issue in the civil counterclaim action. More specifically, he argues that his no contest plea would not have been admissible in the civil case against him. He further argues that under Crim.R. 11(B) and R.C.

2937.07, his no contest plea shall not be construed as an admission of any fact at issue in the criminal charge or in any subsequent action.

Crim.R. 11 states in part:

"(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:

" * * *

"(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

R.C. 2937.07 provides in pertinent part:

"[A no contest plea] shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."

We also look to Evid.R. 410, which governs the admissibility of a no contest plea in a subsequent civil proceeding. That rule provides in part:

"(A) Except as provided in division (B) of this rule, evidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions:

" * * *

"(2) A plea of no contest or the equivalent plea from another jurisdiction."

It is clear that Crim.R. 11 and Evid.R. 410 prohibit the use of "a plea of no contest," not a *conviction* pursuant to a no contest plea. The Ohio Supreme Court specifically held in *State v. Mapes* (1985), 19 Ohio St.3d 108, 111, 19 OBR 318, 320–321, 484 N.E.2d 140, 143, that "Crim.R. 11(B)(2) and Evid.R. 410 prohibit only the admission of a no contest plea." The Ohio Supreme Court further held that:

"These rules do not prohibit the admission of a conviction entered upon [a plea of no contest] when such conviction is made relevant by statute. The trial court was correct in admitting the evidence of the prior conviction as it was not equivalent to the admission of the no contest plea and it was not introduced by the prosecution for any purpose other than establishing [a prior murder specification under R.C. 2929.04(A)(5) ]. The purpose of Evid.R. 410 as it relates to criminal trials is to encourage and protect certain statements made in connection with plea bargaining and to protect the traditional characteristic of the no contest plea which is avoiding the admission of guilt that is inherent in pleas of guilty.

See 1 Weissenberger, Ohio Evidence (1985) 55, Section 410.1 and Advisory Committee Notes to Fed.R.Evid. 410. These purposes are not disserved by the admission of a conviction entered upon a no contest plea." *Id.* at 111, 19 OBR at 321, 484 N.E.2d at 143–144.

In addition, the Ninth District Court of Appeals allowed the trial court at a parole revocation hearing to use evidence of a defendant's conviction entered upon a plea of no contest. *Ohio v. Charlton* (Jan. 29, 1992), Lorain App. No. 91CA005113, unreported, 1992 WL 15963.

Moreover, we note that the record indicates that appellant never raised any objection in the trial court to that court's consideration of the evidence submitted by Allstate. In *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 83, 523 N.E.2d 902, 908, it was held that:

"Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). See *Brown v. Ohio Cas. Ins. Co.* (1978), 63 Ohio App.2d 87, 17 O.O.3d 267, 409 N.E.2d 253; *Rodger v. McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App.3d 256, 258, 8 OBR 347, 349, 456 N.E.2d 1262, 1265, at fn. 7."

Contrary to appellant's assertions, his plea of no contest was not being used as an admission upon the merits of the counterclaim. Rather, the resulting criminal conviction was being introduced by Allstate to establish that the injuries herein might reasonably be expected to result from the criminal act of the insured, and, thus, relieve Allstate of any duty to cover or defend under the terms of the policy. Thus, we find no error in the admission of the criminal conviction for this purpose. However, we do need to determine whether the record demonstrates that the injuries alleged in the counterclaim may reasonably be expected to result from plaintiff's criminal act of disorderly conduct.

The Fishers' counterclaim asserts five counts against the appellant. The first count alleges that appellant made "an unlawful entry for the purpose of harassing [the Fishers] and to violently and physically attack Defendant Joe Fisher." Count two alleges that on July 24, 1991, the appellant "committed an assault on the person of Defendant Joe Fisher." The third count asserts that on July 24, 1991, appellant "failed to act with reasonable and ordinary care while in the [Fishers'] residence and negligently caused" Joe serious physical harm. Count four alleges that on July 24, 1991, appellant "viciously assaulted" Joe in the presence of his wife and "negligently" inflicted extreme mental anguish upon Peggy. The last count alleges that as a result of appellant's attack on Joe, Peggy has suffered loss of services and consortium. The appellant's motion for summary judgment, as well as his brief, focused on the allegations asserted in the

third and fourth counts and whether a duty to defend and provide coverage existed for those claims.

R.C. 2917.11, which prohibits disorderly conduct, provides in part:

"(A) No person shall *recklessly* cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;

"(3) Insulting, taunting, or challenging another, under circumstances in which such conduct is likely to provoke a violent response;

"(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act which serves no lawful and reasonable purpose of the offender;

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender." (Emphasis added.)

An essential element of the above criminal statute is that a person acts recklessly. R.C. 2901.22(C) provides that a person acts recklessly when:

"[W]ith heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Clearly, the actions alleged in the civil counterclaim fall within the overall scope of R.C. 2917.11, and, construing the counterclaim as a whole, it appears that the allegations stem from common facts. Moreover, the record reveals no evidence indicating that appellant's disorderly conduct occurred on a date other than July 24, 1991. On the contrary, the appellant concedes in his brief that he "entered a no-contest plea to a charge of disorderly conduct that was based on some of the facts involved in the instant case."

Based upon the foregoing, we conclude that reasonable minds can only come to the conclusion that the injuries alleged by the Fishers are reasonably expected to result from the criminal act of appellant. Since the policy at issue specifically excludes injury or property damage "which may reasonably be expected to result

**804**

from the intentional or criminal acts of an insured," it follows that Allstate has no duty to defend and was entitled to summary judgment in its favor.

Accordingly, we find that the trial court did not err by granting Allstate's motion for summary judgment and overruling appellant's motion for summary judgment. The appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS, P.J., and HADLEY, J., concur.