[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a summary judgment granted to appellee, Wal-Mart Stores, Inc. by the Huron County Court of Common Pleas on August 13, 1997. The summary judgment ended claims brought by appellants, Margaret Proctor and Roger Proctor, for personal injuries Margaret sustained when she slipped and fell in the entryway of appellee's Norwalk, Ohio store on October 25, 1994, and for Roger's loss of consortium. Appellants have presented two assignments of error for consideration on appeal that are:
"ASSIGNMENT OF ERROR I
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT REMAINED FOR RESOLUTION BY THE JURY.
"ASSIGNMENT OF ERROR II
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE THE DEFENDANT ONLY PROVIDED EXCERTS [SIC] OF A DEPOSITION WHICH IS NOT EVIDENCE FOR THE PURPOSE OF CIV. R. 56(C)."
We will consider appellants' second assignment of error first.
The record does show that appellee quoted only portions of Margaret's deposition testimony in appellee's motion for summary judgment. The record also shows that Margaret's deposition was never filed in this case; rather, appellee attached photocopied pages of portions of the deposition in question to the motion for summary judgment.
Appellants are correct that Civ.R. 56(C) does require that a deposition be filed in a record before it is considered in the context of a motion for summary judgment. However, as the Tenth District Court of Appeals has stated: "When ruling on a motion for summary judgment, a trial court may consider documents other than those specified in Civ.R. 56(C) in support of the motion when no objection is raised." Lytle v. Columbus (1990),70 Ohio App.3d 99, 104. See, also, Steinke v. Allstate Ins. Co.
(1993), 86 Ohio App.3d 798, 802; Stegawski v. Cleveland AnesthesiaGroup, Inc. (1987), 37 Ohio App.3d 78, 83; Rodger v. McDonald'sRestaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256, 258 at n. 7;Brown v. Ohio Casualty Ins. Co. (1978), 63 Ohio App.2d 87, 90-91. Accordingly, the trial court did not err when it considered the uncertified portions of Margaret's deposition testimony in this case.
Furthermore, as the Eighth District Court of Appeals has stated: "Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." Stegawski v.Cleveland Anesthesia Group, Inc., 37 Ohio App.3d at 83. Appellants' second assignment of error is not well-taken.
We now consider the arguments presented relating to the first assignment of error. Appellants argue that the "factual issues" in dispute are "the weather conditions on the day in question" and "whether the caution signs were present." Specifically, appellants argue that some disparity exists in the statements of the witnesses to Margaret's fall regarding whether or not it was actually raining outside at the time she fell. The greeter stationed near the door at appellee's store testified she believed it was still raining. Margaret's son, who was present when his mother fell, stated in his affidavit that it had rained earlier that day but was not raining when she fell. Margaret said in her deposition that it was wet out when she fell and it may have been misting or raining.
Appellants also argue that the witness statements are in conflict regarding whether or not appellee's employees had placed warning signs in the entryway that the floor was wet. Margaret and her son both said there were no signs out in the entryway when Margaret fell. The greeter employed by appellee testified she believed the signs were already out when Margaret fell.
We agree with appellee and with the trial court that these "factual disputes" are not material in this case. Appellee had a duty to protect Margaret from dangers that were not known to her or that she could not reasonably be expected to discover or protect herself against because they were not open and obvious. See Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
Even assuming that it was not raining at the time Margaret walked into the entryway and fell, all of the statements show that it had been raining earlier that day and that it was still wet outside when Margaret entered the store. Accordingly, she had reason to know that customers were likely tracking water into the store, and had a duty to use due care when walking in the entryway to protect herself from a danger she could reasonably anticipate; a wet, slippery floor in the entryway.
Appellee had no duty to protect Margaret from the danger she could anticipate and perceive for herself.
Because appellee owed Margaret no duty, there is no breach of duty or proximate cause that would create liability on the part of appellee for appellants' damages. When the evidence is construed in a light most favorable to appellants, it is clear that there is no genuine issue of fact in dispute, and appellee is entitled to summary judgment as a matter of law. Appellants' first assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.