OPINION
Petitioner-appellant, William Mark Wasmus, appeals the decision of the Warren County Court of Common Pleas to dismiss his habeas corpus petition pursuant to Civ.R. 12(B) (6). We affirm the decision of the trial court.
Appellant is an inmate of the Ohio penal system presently incarcerated at the Warren Correctional Institution ("WCI"). In 1994, appellant pled no contest to six counts of rape, one count of pandering obscenity to a minor, as well as six other sexual offenses. Appellant was sentenced to a term of incarceration which totaled more than one hundred years. Appellant's convictions were upheld upon direct appeal. On November 20, 1998, appellant filed a habeas corpus petition in the Warren County Court of Common Pleas. In his petition, appellant apparently claims that he is not a citizen of Ohio, and, therefore, was not subject to the jurisdiction of the Franklin County Court of Common Pleas in which he was convicted.[1]
Respondent-appellee, Anthony Brigano, the Warden of WCI, moved to dismiss the petition pursuant to Civ.R. 12(B) (6). The trial court granted respondent's motion to dismiss for failure to state a claim upon which relief could be granted. Appellant filed a timely notice of appeal and presents two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONSIDERING EVIDENCE, IN RENDERING ITS DECISION, PRESENTED BY RESPONDENT WHICH WAS INADMISSIBLE AS EVIDENCE IN VIOLATION OF EVID.R. 410, CONTRARY AND IN VIOLATION OF THE UNITED STATES CONSTITUTION AMENDMENT XIV.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PETITIONER BY GRANTING THE MOTION FOR SUMMARY JUDGMENT CIV. R. 56 IN FAVOR OF THE RESPONDENT, CONTRARY TO AND IN VIOLATION OF THE UNITED STATES CONSTITUTION, AMENDMENT IV.
In his first assignment of error, appellant argues that, in reaching the decision that appellant was subject to the jurisdiction of the Franklin County Court of Common Pleas, the trial court erred by admitting portions of the transcript of his 1994 no contest plea which includes appellant's testimony as well as that of counsel. He claims that the trial court's decision was contrary to R.C. 2937.07, Crim.R. 11(B) (2) and Evid.R. 410 and, therefore, violated his constitutional right to due process of law. R.C. 2937.07, which applies to misdemeanors, provides that a no contest plea "shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal." Evid.R. 410 and Crim.R. 11(B) (2) provide similar protection to a defendant who pleads no contest, but include both felonies and misdemeanors. See Steinke v. Allstate Ins. Co. (1993), 86 Ohio App.3d 798, 801.
However, in reviewing the trial court's decision, the court found R.C. 2901.11(A) (1)[2] and R.C. 2901.12[3]
provided jurisdiction as a matter of law over appellant regardless of appellant's citizenship. We find this a sufficient basis for the trial court's decision as a matter of law. Thus, the trial court's reference to the transcript of the 1994 no contest plea was unnecessary to reach its decision. Accordingly, the evidentiary issues appellant raises in his first assignment of error are overruled.
In his second assignment of error, appellant argues that the trial court erred by converting respondent's motion to dismiss pursuant to Civ.R. 12(B) (6) into a motion for summary judgment pursuant to Civ.R. 56. The trial court decided the case pursuant to Civ.R. 12(B) (6) and the motion was never converted to a motion for summary judgment. Thus, the second assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] We note that a claim that a trial court's judgment is void because it lacked jurisdiction over a defendant in a criminal proceeding is appropriately raised in a habeas corpus petition, even if the issue could have been raised on appeal. Gaskins v.Shiplevy (1995), 74 Ohio St.3d 149, 151.
[2] R.C. 2901.11(A) (1) states that "[a] person is subject to criminal prosecution and punishment in this state if any of the following occur: The person commits an offense under the laws of this state, any element of which takes place in this state."
[3] R.C. 2901.12 provides for venue for criminal trials in Ohio.