OPINION
{¶ 1} This is an appeal from a Stark County Common Pleas Court decision which reversed the revocation of Appellee's license to sell motor vehicles.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts indicate that Appellee pled no contest to selling a motor vehicle without a license in Canton Municipal Court, Case No. 2002-TRD-00555 on February 14, 2002.
 {¶ 3} Thereafter a hearing was conducted before the Motor Vehicle Dealers Board pursuant to R.C. 4517.33 with the result being, as stated, a revocation of Appellee's license.
 {¶ 4} An appeal to the Stark County Common Pleas Court resulted in the following judgment:
 {¶ 5} "This matter comes before the Court after having been briefed by the parties. The Court, after a complete review of this matter, finds that the action of the Board is not supported by reliable, probative, and substantial evidence and is also not in accordance with law. The action of the Board is, therefore, reversed and; the Court orders that the Ohio Motor Vehicle Dealers Board re-instate the dealership license forthwith. This shall constitute a final, appealable Order."
 {¶ 6} It is from this decision that Appellant now appeals, raising the following Assignments of Error.
 ASSIGNMENTS OF ERROR {¶ 7} "STANDARD OF REVIEW"
 {¶ 8} "A. Questions of Fact
 {¶ 9} "B. Questions of Law Receive A De Novo Review By The Court Of Appeals
 {¶ 10} "II. Wolfe cannot claim invalidity of a crimin [sic] conviction through collateral attack in a civil proceeding.
 {¶ 11} "III. Wolfe's conviction constituted a `Fraudulent Act'
 {¶ 12} "IV. The decision of the board is supported by reliable, probative and substantial evidence and is in accordance with the law.
 {¶ 13} "V. A trial court does not have jurisdiction to modify a license revocation lawfully imposed by the board."
 I, II, III, IV, V. {¶ 14} It appears that five Assignments of Error are raised although the first assignment states the appellate court's standard of review and only impliedly asserts as error an abuse of discretion by the trial court. We shall assume that this is the intent of such First Assignment.
 {¶ 15} Similarly, the Second, Third and Fourth Assignments reflect arguments rather than separate assignments of error.
 {¶ 16} The Fifth Assignment, again as argument rather than as a separate assignment, asserts a lack of jurisdiction in the trial court to modify a license revocation imposed lawfully by the appellant board.
 {¶ 17} We shall, therefore, address each listed assignment as one assignment of error, to-wit:
 {¶ 18} That the court abused its discretion and lacked authority to alter Appellant's order which was based on substantial, reliable, probative evidence.
 {¶ 19} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 20} The applicable statutes are: R.C. 4517.02, R.C.4517.12(A)(5), and R.C. 4517.33 as follows:
 {¶ 21} R.C. 4517.02 in part states:
 {¶ 22} "Activities requiring licenses; exception
 {¶ 23} "(A) Except as otherwise provided in this section, no person shall do any of the following:
 {¶ 24} "(2) Engage in the business of offering for sale, displaying for sale, or selling at retail or wholesale used motor vehicles or assume to engage in that business, unless the person is licensed as a dealer under sections 4517.01 to 4517.45 of the Revised Code, or is a salesperson licensed under those sections and employed by a licensed used motor vehicle dealer or licensed new motor vehicle dealer;"
 {¶ 25} O.R.C. 4517.12(A)(5):
 {¶ 26} "Refusal of license; grounds; requirements of dealership
 {¶ 27} "(A)(5) Has been guilty of a fraudulent act in connection with selling or otherwise dealing in, or leasing, motor vehicles, or in connection with brokering manufactured homes;"
 {¶ 28} R.C. 4517.33 states in part:
 {¶ 29} "The board shall suspend or revoke or notify the registrar to refuse to renew any dealer's, motor vehicle leasing dealer's, manufactured home broker's, distributor's, auction owner's, or salesperson's license, if any ground existed upon which the license might have been refused, or if a ground exists that would be cause for refusal to issue a license.
 {¶ 30} "The board may suspend or revoke any license if the licensee has in any manner violated the rules issued pursuant to sections 4517.01 to 4517.65 of the Revised Code, or has violated section 4501.02 of the Revised Code, or has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles."
 {¶ 31} While the transcript indicates that Appellee does not need a separate license to sell vehicles since she holds a dealer's license (Tr. 18), she nevertheless pled no contest to the charge of selling without a license and was convicted and fined. (Ex. D, p. 12).
 {¶ 32} We agree with Appellant that a conviction cannot be collaterally attacked in these proceedings before the board.Hergenrodes v. Ohio Bureau of Motor Vehicles (Columbiana County), 2003 Ohio 2561, but that a 60(B) motion is required in the court of conviction.
 {¶ 33} We also agree that this court must examine the law from a de novo standpoint and that the trial court is required to affirm the decision of the board if such decision was based on reliable, probative and substantial evidence. Henry's Café,Inc. v. Board of Liquor Control (1959), 170 Ohio St. 233.
 {¶ 34} We further agree that a conviction for unlicensed selling of a vehicle would constitute sufficient grounds for revocation under R.C. 4517.12(A)(5).
 {¶ 35} The review of the law applicable, however, is not the authority of the board, but the evidence on which the decision was premised.
 {¶ 36} While certain infractions other than the conviction were raised (Tr. Pgs. 7-10), these were not utilized in the notice of opportunity for a hearing, but only the conviction (Tr. 18).
 {¶ 37} Ex. D clearly indicates that the plea in the Canton Municipal Court was one of no contest.
 {¶ 38} Criminal Rule 11(B)(2) states:
 {¶ 39} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint and such pleas or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 40} The effect of the inability to utilize a no-contest plea in a subsequent proceeding has been addressed in a number of cases.
 {¶ 41} In Shie v. Board of Education of Hamilton County,
(Nov. 25, 1981), Butler County Appl. No. CA 79-10-0098, appellant was terminated from his teaching position due to immoral conduct. He had plead no contest to a reduced charge of disorderly conduct. Such plea was the basis of the referee's recommendation of termination which the board accepted.
 {¶ 42} In Shie, supra, the Twelfth District Court of Appeals in considering the application of Criminal Rule 11(B)(2) stated:
 {¶ 43} "The termination proceedings under R.C. 3319.16 must be considered to be a "subsequent civil proceeding" and therefore the consideration of appellant's no contest plea was error.
 {¶ 44} "Appellee argues that the plea was properly introduced merely to test the credibility of appellant as a witness. Appellee cites federal cases which allow the use of illegally obtained evidence to attack the credibility of witnesses. We find those cases to be inapposite. Crim. R. 11(B)(2) does not make an except for testing the credibility of a witness and we decline to rewrite the rule."
 {¶ 45} The effect of such rule was also raised but not decided in State v. Murray (February 9, 1994) Clark County App. No. 3071, wherein the Second District held:
 {¶ 46} "The evidence offered by the State was arguably sufficient to prove that Murray tendered a no-contest plea to the offense of Unauthorized Use of Property. However, a no-contest plea and the admission represented thereby `shall not be used against the defendant in any subsequent civil or criminal proceedings'. Crim. R. (B)2. In view of this restriction, there may be some question whether a competently proven conviction based on a no-contest plea may be used against the defendant in a probation revocation proceeding in another case. We need not decide that question in the case before us, however, because, in our view, the proof tendered by the State was insufficient to prove that Murray was convicted of an offense. Because there was no other proof that Murray had failed to obey the law, there was insufficient proof to establish that Murray had violated the terms of his probation."
 {¶ 47} The prohibition of Crim. R. 11(B)(2) does not however prohibit proof of facts without utilization of the no contest plea such as in Cabe v. Lunick (1994), 70 Ohio St.3d 498, involving the consumption of alcohol as relating to the claim of punitive damages in a civil suit. The Ohio Supreme Court stated:
 {¶ 48} "However, evidence of blood-alcohol test results may be relevant to the determination of the existence of negligence (as are the other factual circumstances surrounding the occurrence of an accident) and thus admissible pursuant to Evid. R. 402, and submission of those results is not precluded by Crim. R. 11(B)(2)."
 {¶ 49} Also, if a statute intervenes to make a conviction relevant, even if based on a no-contest plea, the introduction of the conviction may be authorized.
 {¶ 50} In the murder trial of State v. Mapes (1985),19 Ohio St.3d 108, the Supreme Court stated:
 {¶ 51} "Crim.R. 11(B)(2) and Evid.R. 410 prohibit only the admission of a no contest plea. These rules do not prohibit the admission of a conviction entered upon that plea when such conviction is made relevant by statute. The trial court was correct in admitting the evidence of the prior conviction as it was not equivalent to the admission of the no contest plea and it was not introduced by the prosecution for any purpose other than establishing the specification. The purpose of Evid.R. 410 as it relates to criminal trials is to encourage and protect certain statements made in connection with plea bargaining and to protect the traditional characteristic of the no contest plea which is avoiding the admission of guilt that is inherent in pleas of guilty. See 1 Weissenberger, Ohio Evidence (1985) 55, Section 410.1 and Advisory Committee Notes to Fed.R.Evid. 410. These purposes are not disserved by the admission of a conviction entered upon a no contest plea.
 {¶ 52} "The issue of the applicability of Evid.R. 410 and Crim.R. 11(B)(2) aside, we note that the United States Supreme Court has authorized admission of prior convictions and pleas of no contest in death penalty cases, Gregg v. Georgia (1976),428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859, and the majority rule that convictions entered on pleas of no contest are admissible to establish enhanced penalties. See Annotation (1963), 89 A.L.R.2d 540, 610. Thus, we hold that Crim.R. 11(B)(2) and Evid.R. 410 do not preclude admission of a conviction entered upon a no contest plea to prove a prior murder specification under R.C.2929.04(A)(5). Accordingly, this argument is without merit."
 {¶ 53} Based upon the foregoing, we must conclude that, while the board could have introduced evidence of violations supporting revocation, it could not accept the conviction in the Canton Municipal Court based on the no-contest plea as Crim.R. 11(B)(2) prohibited such evidence in this case.
 {¶ 54} Therefore, the Assignments of Error which, as stated, have been addressed simultaneously, are denied.
Wise, J., concurs separately.
Hoffman, P.J., dissents.