ELEVATORS MUTUAL INSURANCE COMPANY, Appellee,

v.

J. PATRICK O'FLAHERTY'S, INC., et al., Appellants.

[Cite as *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.,* 180 Ohio App.3d 315, 2008-Ohio-6946.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–08–006.

Decided Dec. 31, 2008.

Robert E. Chudakoff and Gary S. Greenlee, for appellee Elevators Mutual Insurance Company.

D. John Travis, Jay C. Rice, and Richard C.O. Rezie, for appellee-intervenor, NAMIC Insurance Company.

W. Patrick Murray, James L. Murray, and William H. Bartle, for appellants.

SINGER, Judge.

{¶ 1} Appellants appeal a summary judgment issued to an insurer by the Sandusky County Court of Common Pleas in a dispute over fire coverage. For the reasons that follow, we reverse.

{¶ 2} Appellants, Richard A. and Jan N. Heyman, are equal shareholders in appellant J. Patrick O'Flaherty's, Inc., a company that operated a restaurant of the same name on the west side of Fremont, Ohio. Appellee, Elevators Mutual Insurance Co., provided a commercial fire-insurance policy for this restaurant.

{¶ 3} On February 4, 2001, after the restaurant was closed, a fire started on the second floor, eventually spreading and destroying the entire structure. An investigation by the state fire marshal revealed that the origin of the fire was business records stored on the second floor that had been soaked in paint thinner. An investigator for the state fire marshal ruled the fire to have been caused by arson.

{¶ 4} A further investigation found that appellants were heavily in debt and that they had recently increased the amount of insurance on the property. Moreover, a former employee told investigators that on more than one occasion, Richard Heyman had stated that he "would like to burn the ·place down." Richard Heyman was determined to be the last person to leave the restaurant before the fire. *State v. Heyman*, 6th Dist. No. S–04–016, 2005-Ohio-5565, 2005 WL 2694833, ¶ 7–8.

{¶ 5} On April 4, 2001, as the investigation was proceeding, appellants filed an insurance claim for their loss under the fire policy issued by appellee. Appellee advanced appellants $30,000 on the claim under a reservation of rights. Following the investigation of the fire, however, appellee denied the claim. On November 30, 2001, appellee initiated the present action, seeking a declaration that it had no duty to insure under a provision in its policy that barred coverage for an insured's intentional acts. Appellee also sought to recover the money it had advanced. On December 7, 2001, appellants were named in an indictment charging two counts of aggravated arson, simple arson, and insurance fraud.

{¶ 6} Both appellants pleaded not guilty, but following negotiations, appellant Richard Heyman agreed to plead no contest to arson and insurance fraud in return for dismissal of the aggravated arson counts and dismissal of the indictment against Jan Heyman.[1] The trial court accepted Richard Heyman's plea,

---

1. In the trial court in this matter, Richard Heyman proffered an explanation of his plea, suggesting that he entered the plea because he had little confidence in his appointed lawyer, he sought to avoid the greater penalty of an aggravated arson conviction, and he wished to spare his wife from prosecution.

found him guilty on both counts and sentenced him to one year of incarceration on the insurance fraud and five years of community service on the arson. Richard Heyman's conviction and sentence were affirmed on appeal. Id. at ¶ 19.

{¶ 7} Consideration of the present matter was deferred pending conclusion of the criminal proceeding. Following, on July 2, 2004, appellee moved for summary judgment. Appellants opposed the motion and filed their own cross-motion for summary judgment. The trial court denied both motions.[2]

{¶ 8} On November 7, 2007, appellee moved in limine that the court determine the admissibility of Richard Heyman's insurance fraud and arson conviction. Appellants opposed admission of the conviction.

{¶ 9} On November 30, 2007, the court ruled that Richard Heyman's conviction could not be introduced at trial as substantive evidence. Citing Evid.R. 410 and Crim.R. 11(B)(2), the trial court concluded that Richard Heyman "entered this plea with the expectation that it could not be used collaterally against him in a civil case * * *. This well settled practice is best left undisturbed by this court."

{¶ 10} Later, however, the court revisited this decision, concluding that while the no contest *plea* to arson and insurance fraud were not admissible, the *conviction* for these offenses could be admitted. Because the arson and insurance-fraud convictions conclusively established Richard Heyman's culpability, the court continued, he was barred from profiting from his own misdeeds, and because he was president and a principal shareholder in J. Patrick O'Flaherty's, Inc., both he and Jan Heyman were barred from benefiting from these acts. With this, the court granted appellee's motion for summary judgment.

{¶ 11} From this judgment, appellants now bring this appeal, setting forth the following two assignments of error:

{¶ 12} "A. The trial court erred in ruling that evidence of Richard Heyman's criminal convictions after pleas of no contest were admissible.

{¶ 13} "B. The trial court erred in granting the plaintiff insurer's Motion for Summary Judgment, finding that the criminal convictions following pleas of no contest precluded the insured and/or any of the loss payees from recovering any insurance proceeds from the fire loss in question and that since defendants were barred from recovering any fire insurance proceeds, their counterclaims failed as a matter of law."

---

2. On April 20, 2007, NAMIC Insurance Company, issuer of appellee Elevators' professional liability and director's and officer's policy, intervened in defense to appellants' counterclaim. NAMIC is an appellee and has filed a brief in this matter. Nevertheless, for clarity, we shall refer to appellee Elevators Insurance Company in the singular as NAMIC's arguments are pendant to Elevators'.

{¶ 14} On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated the following:

{¶ 15} "(1)[T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C). The evidence supporting a motion for summary judgment must be admissible. Civ.R. 56(E).

{¶ 16} At issue is whether the trial court properly considered Richard Heyman's conviction entered on a no contest plea.

{¶ 17} Crim.R. 11(B)(2) provides:

{¶ 18} "With reference to the offense or offenses to which the plea is entered:

{¶ 19} " * * *

{¶ 20} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and *the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.*" (Emphasis added.)

{¶ 21} Evid.R. 410 dictates that "evidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions:

{¶ 22} "(2) A plea of no contest or the equivalent plea from another jurisdiction * * *."

{¶ 23} Appellants insist that these rules mean what they say: a plea of no contest should not be used against a defendant in any subsequent civil proceeding. Because that is exactly what occurred in the present matter, appellants maintain, the trial court erred in considering this inadmissible evidence.

{¶ 24} Appellee disagrees. Citing *State v. Mapes* (1985), 19 Ohio St.3d 108, 19 OBR 318, 484 N.E.2d 140, and derivative cases, appellee insists that while the no contest *plea* may be inadmissible, the *conviction* that results from the plea is admissible. In this matter, according to appellee, it was the conviction that came into evidence. Since that conviction conclusively established Richard Heyman's guilt in the arson of his restaurant and his fraudulent attempt to collect insurance under appellee's policy, appellee argues that he, the corporation, and his spouse are collaterally estopped from relitigating that issue.

{¶ 25} Appellee cites numerous foreign cases for the proposition that as a matter of policy, an arsonist ought not to be allowed to profit from the act of arson. The question here, however, is not one of policy, but of evidence. The rule, as articulated in Evid.R. 410 and Crim.R. 11(B)(2), is that "a no contest plea may not be used against the defendant in any subsequent civil or criminal proceeding." 1 Weissenberger, Ohio Evidence (1995) 61, Section 410.3. The sole Ohio exception to the rule was promulgated by the Supreme Court of Ohio in *State v. Mapes,* supra. Id.

{¶ 26} David Mapes killed a bar owner during an after-hours robbery. He was indicted for aggravated murder with a capital specification alleging a prior murder conviction. A jury convicted Mapes of the principal offense. The prior murder specification was tried separately to the bench. The court found Mapes guilty of the specification based on a foreign judgment of conviction for murder entered on the New Jersey equivalent of a no contest plea. Mapes was sentenced to death.

{¶ 27} On appeal, Mapes argued that Crim.R. 11(B)(2) and Evid.R. 401 precluded admission of his conviction entered on a no contest plea. On consideration, the court rejected Mapes' argument, holding, "Crim.R. 11(B)(2) and Evid.R. 410 do not preclude admission of a conviction entered upon a no contest plea to prove a prior murder specification under R.C. 2929.04(A)(5)." Id. at paragraph one of the syllabus. In its opinion, the court explained:

{¶ 28} "Crim. R. 11(B)(2) and Evid. R. 410 prohibit only the admission of a no contest plea. These rules do not prohibit the admission of a conviction entered upon that plea *when such conviction is made relevant by statute.* The trial court was correct in admitting the evidence of the prior conviction as it was not equivalent to the admission of the no contest plea and it was not introduced by the prosecution for any purpose other than establishing the specification. The purpose of Evid. R. 410 as it relates to criminal trials is to encourage and protect certain statements made in connection with plea bargaining and to protect the traditional characteristic of the no contest plea which is avoiding the admission of guilt that is inherent in pleas of guilty. See 1 Weissenberger, Ohio Evidence (1985) 55, Section 410.1 and Advisory Committee Notes to Fed.R.Evid. 410. These purposes are not disserved by the admission of a conviction entered upon a no contest plea." (Emphasis added.) Id. at 111, 484 N.E.2d 140.

{¶ 29} Many appellate courts, including this one, have followed *Mapes,* allowing the introduction of convictions entered on no contest pleas into administrative proceedings, but only when a statute makes such introduction specifically relevant to the proceeding. *Spencer v. Ohio State Liquor Control Comm.* (Sept. 18, 2001), 10th Dist. No. 01AP–147, 2001 WL 1084544 (statute expressly made conviction for illegal sale of liquor ground for license suspension); *Jaros v. Ohio*

*State Bd. of Emergency Med. Serv.*, 6th Dist. No. L–01–1422, 2002-Ohio-2363, 2002 WL 1065876, ¶ 17 (Ohio Administrative Code expressly makes conviction of offense involving moral turpitude a ground for revocation of EMT license), *Reynolds v. Ohio St. Bd. of Examiners of Nursing Home Admrs.*, 10th Dist. No. 03AP–127, 2003-Ohio-4958, 2003 WL 22149350, ¶ 16 (Medicaid fraud conviction is an express ground for revocation of administrator's license); but see *Wolfe v. Ohio Motor Vehicle Dealers Bd.*, 5th Dist. No. 2003CA00231, 2004-Ohio-122, 2004 WL 63591, ¶ 53 (trial court did not abuse discretion in refusing admission of conviction entered on no contest plea). In each of these instances, the conviction on a no contest plea was deemed relevant because of a statute or rule derived from a statute that expressly set a prior conviction as an element of necessary consideration.

{¶ 30} Appellee cites *Steinke v. Allstate Ins. Co.* (1993), 86 Ohio App.3d 798, 801–802, 621 N.E.2d 1275, and *Bott v. Stephens*, 3d Dist. No. 1–05–09, 2005-Ohio-3881, 2005 WL 1797962, ¶ 7, in support of a broader application of *Mapes*. Appellee's reliance on these cases, however, is misplaced. In *Steinke*, the court noted that irrespective of the applicability of *Mapes*, the prior conviction was admissible because the opposing party had waived the issue by failing to contemporaneously object to its admission. *Steinke* at 802, 621 N.E.2d 1275. In *Bott*, at ¶ 8, admissibility of the conviction was not essential to the disposition of the case because the court concluded that even with the admission of the conviction, a question of fact concerning an insured's mental state precluded summary judgment. Thus, a broader application of *Mapes* in these cases is mere dicta.

{¶ 31} The syllabus of *Mapes* is exceptionally narrow. It goes only to the admissibility of a conviction on a no contest plea for the sole purpose of proving a capital specification as provided for in R.C. 2929.04(A)(5). The language in the *Mapes* opinion itself is only slightly broader: "These rules [Evid.R. 410 and Crim.R. 11(B)(2) ] do not prohibit the admission of a conviction entered upon [a no contest] plea when such conviction is made relevant by statute." *Mapes*, 19 Ohio St.3d at 111, 19 OBR 318, 484 N.E.2d 140.

{¶ 32} In our view, the distinction between a no contest plea and a conviction on that plea is a false dichotomy. The proper distinction is whether or not the conviction has been made relevant to the later proceeding by statutory provision. Anything less, and the rules make the plea and the conviction derived from the plea inadmissible.

{¶ 33} What is at issue in this matter is not a statute, but exclusionary provisions in an insurance policy.[3] We take no position on whether an insurer

---

3. {¶ a} Causes of Loss—Special Form (B)(1)(h) of the policy provides, "We will not pay for loss or damage caused directly or indirectly by any of the following * * * Dishonest or

and an insured may contract to make a prior conviction relevant in a subsequent action on the contract. In this insurance contract, no such provision appears. As a result, the rule of *Mapes* does not operate to override Evid.R. 410 and Crim.R. 11(B)(2), and the trial court erred in concluding that it did. Accordingly, appellants' first assignment of error is well taken. Appellants' second assignment of error concerns the issue-preclusion effect of the judgment of conviction and therefore is moot.

{¶ 34} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.

Judgment reversed.

HANDWORK, J., concurs.

OSOWIK, J., dissents.

OSOWIK, Judge, dissenting.

{¶ 35} I would respectfully dissent and affirm the decision of the court of common pleas that found the no contest pleas and convictions of arson and insurance fraud to be admissible and thereby preclude appellants from claiming insurance proceeds for the fire losses.

{¶ 36} In this case, it is undisputed that the plaintiff pleaded no contest to a charge of arson with purpose to defraud in violation of R.C. 2909.03(A)(2) and to insurance fraud, in violation of R.C. 2913.47(B)(1). He was found guilty of both of these charges.

{¶ 37} It is also undisputed that the property involved in the arson was the property covered by the insurance policy that is the subject of this dispute and that the contract of insurance excludes coverage for criminal acts and insurance fraud.

criminal acts by you, any of your partners, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose * * *."

{¶ b} Commercial Property Conditions (A) of the policy provides, "This Coverage Part is subject to the following conditions * * * A. Concealment, Misrepresentation or Fraud. This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: 1. This Coverage Part; 2. This Covered Property; 3. Your interest in the Covered Property; or 4. A claim under this Coverage Part."

{¶ 38} Despite having pleaded no contest and subsequently being found guilty and sentenced as a result of these charges, appellant sought payment from his insurer for the losses sustained as a result of the arson of which he was convicted after his no contest plea. The insurance company initiated this declaratory judgment action to determine its rights and obligations under its contract of insurance.

{¶ 39} The resolution of this conflict ultimately hinges upon the impact and consequences of uttering two words in a criminal proceeding: no contest. These three syllables are of some significance in a criminal proceeding, and even the United States Supreme Court has struggled with the concept as to precisely what a defendant does admit when he enters a no contest plea. In *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the court surmised that the no contest plea possibly originated from the early medieval practice by which defendants wishing to avoid imprisonment would seek to make an end of the matter by offering to pay a sum of money to the king. Id. at 36, 91 S.Ct. 160, 27 L.Ed.2d 162, fn. 8.

{¶ 40} The court further referenced an early 15th century case in which "a defendant did not admit his guilt when he sought such a compromise, but merely 'that he put himself on the grace of our Lord, the King, and asked that he might be allowed to pay a fine.' " Id.

{¶ 41} Regardless of the historical origins of the no contest plea, pursuant to Crim.R. 11(B)(2), a no contest plea is "an admission of the truth of the facts alleged in the indictment, information, or complaint."

{¶ 42} In his first assignment of error, appellant argues that his plea of no contest and subsequent conviction to the criminal charges should not be admissible. The United States Sixth Circuit Court of Appeals addressed this precise application of the no contest plea to a similar federal rule. Federal case law that interprets the federal rule, while not controlling, is persuasive. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 18.

{¶ 43} Fed.R.Evid. 410 provides:

{¶ 44} "Evidence of a plea of * * * nolo contendere * * * is not admissible in any civil or criminal proceeding against the person who made the plea * * *."

{¶ 45} This language is virtually identical in relevant part to Crim.R. 11(B)(2), with the exception that the plea cannot be used against the person who made the plea as opposed to the Ohio Rule, which limits the application to the defendant.

{¶ 46} Crim.R. 11(B)(2) states:

{¶ 47} "[T]he plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 48} In *Walker v. Schaeffer* (C.A.6, 1988), 854 F.2d 138, the court stated:

{¶ 49} "We do not consider our conclusion to be barred by Fed.R.Evid. 410, which provides that evidence of 'a plea of nolo contendere' is not, 'in any civil or criminal proceeding, admissible against the defendant who made the plea.' This case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the *defendant*. *See, e.g., United States v. Manzella*, 782 F.2d 533 (5th Cir.), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986) (use of nolo contendere plea to impeach defendant in subsequent criminal prosecution). In this case, on the other hand, the persons who entered prior no-contest pleas are now plaintiffs in a civil action. Accordingly, use of the no-contest plea for estoppel purposes is not 'against the defendant' within the meaning of Fed.R.Evid. 410. This use would be more accurately characterized as 'for' the benefit of the 'new' civil defendants, the police officers.

{¶ 50} "We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil *liability*. We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police."

{¶ 51} Rule 410 of the Ohio Rules of Evidence is substantially identical to the federal rule. Evid.R. 410 states:

{¶ 52} "(A) Except as provided in division (B) of this rule, evidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions:

{¶ 53} "(1) a plea of guilty that later was withdrawn;

{¶ 54} "(2) a plea of no contest or the equivalent plea from another jurisdiction;

{¶ 55} "(3) a plea of guilty in a violations bureau."

{¶ 56} The court in *Levin v. State Farm Fire & Cas. Co.* (E.D.Mich.1990), 735 F.Supp. 236, adopted the *Walker* interpretation of the rule. The facts of that case are identical to the case before the court today. The plaintiff entered a plea of no contest to a criminal charge of arson. Based upon that plea, he was found guilty and sentenced. The plaintiff then sought compensation for fire damage to his home.

{¶ 57} The court was called upon to resolve the sole evidentiary issue of whether the plaintiff's nolo contendere plea may be admitted at trial. The court held that the insurer was not precluded from introducing evidence of the nolo contendere plea in the civil action brought by the individual who offered the nolo contendere plea in the prior criminal case.

{¶ 58} Likewise, I do not believe it to be a logical application of Crim.R. 11(B)(2) if the no contest plea were not admissible in this instance and would circumvent the unambiguous language of the rule. I would further suggest that it would be better public policy if Evid.R. 410(A) would be amended to explicitly prevent an individual who pleaded no contest to criminal charges from excluding evidence of that plea in an action in which the pleader seeks to establish a claim arising out of the crime of which the pleader was convicted. In that manner in future disputes, it would avoid a semantical discussion of the definition of the word *against* and its relationship to the word *defendant*.

{¶ 59} For the foregoing reasons, I would affirm the judgment of the trial court and find both of appellants' assignments of error not well taken.