ADKINS et al., Appellants,

v.

REPUBLIC–FRANKLIN INSURANCE COMPANY, Appellee.

[Cite as *Adkins v. Republic–Franklin Ins. Co.* (1991), 76 Ohio App.3d 611.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–503.

Decided Dec. 24, 1991.

*Clark, Perdue & Roberts Co., L.P.A.,* and *Douglas S. Roberts,* for appellants.

*Vivyan, Graeff, Rigg & Schumaker* and *Thomas F. Vivyan,* for appellee.

McCORMAC, Judge.

Bernice Adkins, plaintiff-appellant, appeals from a declaratory judgment rendered by the Franklin County Court of Common Pleas in favor of defendant-appellee, Republic–Franklin Insurance Company. Following an automobile accident in 1987, Adkins filed two claims with her uninsured and underinsured motorist insurance carrier, Republic–Franklin Insurance Company. One claim sought compensation for her personal injury sustained in the accident and a second claim filed on behalf of her husband sought compensation for loss of consortium. Republic–Franklin refused to pay any monies for the loss-of-consortium claim on the basis that both claims were subject to a single $100,000 per person limit of liability set forth in the policy and that Adkins' personal injury claim had exhausted this limit. Adkins sought a declaratory judgment that each claim was separate and independent and that they should, therefore, be governed by separate per person limits. Relying on *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716, the trial court held that a loss-of-consortium claim is subject to the same per person liability limit as the spouse's direct claim for bodily injuries under the wording of defendant's policy herein.

From that judgment, Adkins appeals asserting a single assignment of error:

"The trial court erred when it held that no separate underinsured motorist coverage was available to the estate of Arzel Adkins under the Republic–Franklin automobile liability insurance policy issued by said defendant to plaintiffs, Bernice and Arzel Adkins, now deceased."

The policy in this case provided that the per person maximum was for all damages for *bodily injury* sustained by any one person in any one accident. The question, therefore, is whether the loss-of-consortium claim herein is for bodily injury. If it is for bodily injury, the one person limit is applicable as held by the trial court. If it is not a claim for bodily injury, then it is a separate claim to be governed by a separate per person limit.

The trial court relied upon the case of *Tomlinson v. Skolnik, supra.* Paragraph one of the syllabus of that case provides as follows:

"An insurance policy provision that limits recovery for all causes of action arising out of or because of bodily injury to one person to a single limit of liability is a valid restriction of automobile liability insurance coverage. * * * *"

There is no doubt that a majority of the Supreme Court agree that that syllabus correctly states the law. Also, in *Tomlinson,* the policy language at issue was virtually identical to that at issue in this case. However, since *Tomlinson,* four of the justices of the Ohio Supreme Court clearly have agreed that the language used in this policy is insufficient to limit the insurance company's liability for loss of consortium to the per person maximum, although the majority also subscribes to the general statement of law in the syllabus of *Tomlinson.*

The question is whether the loss-of-consortium claim herein is a claim for "bodily injury." In *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150 ("*Cincinnati II*"), four members of the Supreme Court determined that similar language was insufficient to limit the insurance company's liability for separate wrongful death claims to the per person maximum since these claims were not claims for bodily injury. To limit the claims to the per person maximum, the court, in substance, held that it would be necessary for the policy to apply the per person maximum to all claims "arising out of bodily injury."

The policy herein does not provide for causes of action arising out of, or because of, bodily injury, but restricts the limitation to damages "for bodily injury." In a recent wrongful death case, *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459, the court held as follows in the syllabus:

"An automobile liability insurance policy may apply a single limit to separate claims arising out of a single bodily injury provided the policy limitation tracks the corresponding limitation on liability coverage, and is unambiguously stated. * * * *"

In *Rose,* the majority of the Supreme Court cited Justice Herbert R. Brown's concurring opinion in *Cincinnati II* with approval. In *Cincinnati II,* Justice Brown, who was the controlling vote, in his concurring opinion agreed that an unambiguous provision in an insurance policy limiting derivative claims, such as this, to the single person limit was valid but that it must be done so unambiguously. In *Cincinnati II,* Justice Brown stated in his controlling vote that a derivative claim, such as is presented here, is not a claim for bodily injury. In *Rose,* the court found that the policy which provided that "all claims arising out of " one bodily injury was sufficient to make the limitation valid. However, in this case, the language is not unambiguous in restricting the limitation to claims arising from bodily injury or due to bodily injury, but the restriction provides that the claims "must be for bodily injury."

Since the same analysis applies to loss-of-consortium claims as to beneficiaries' claims for wrongful death, it would be wrong to reject the clear guidance of a majority of the Supreme Court and to rely upon language in the body of a case that is not consistent with the syllabus and is no longer the law of Ohio as declared by the Supreme Court.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter a declaratory judgment finding that the insurance policy does not restrict coverage to one claim, but that there are separate limits for the personal injury claim and the loss-of-consortium claim.

*Judgment reversed*
*and cause remanded*
*with instructions.*

PEGGY BRYANT and PETREE, JJ., concur.