OPINION
{¶ 1} Appellant, Nationwide Mutual Fire Insurance Company ("Nationwide"), appeals from the June 8, 2004 Franklin County Court of Common Pleas decision and entry, which granted Nancy E. Hall's motion for partial summary judgment and denied Nationwide's motion for summary judgment.[1] The trial court held that the phrase "for bodily injury" was ambiguous as used in the other owned vehicle exclusion to the uninsured/underinsured motorist ("UM/UIM") coverage provided by Nationwide. The court then interpreted the ambiguity in favor of the insured individuals and found appellee was entitled to damages from appellant for wrongful death. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On March 21, 2002, Christopher D. Hall ("Christopher") and Courtney D. Bailey were involved in an automobile accident in Logan County, Ohio. Ms. Bailey was at fault in causing the accident. As a result of the injuries he sustained, Christopher died that same day.
 {¶ 3} At the time of the accident, Courtney Bailey was covered by an automobile insurance policy which provided liability coverage in the amount of $15,000 per person. Christopher's estate agreed to accept the entire $15,000 policy limit in exchange for releasing Ms. Bailey from further liability. The settlement was approved by the Probate Court for Logan County and Nationwide.
 {¶ 4} On March 1, 2004, appellee, Nancy E. Hall ("Hall"), Administrator of the Estate of Christopher Hall, deceased, filed suit in the Franklin County Common Pleas Court against Nationwide seeking wrongful death damages for Christopher's next of kin pursuant to the UM/UIM coverage found in the Nationwide automobile insurance policy (91 34 C 196047) issued to Hall and her husband. Nancy Hall is Christopher's mother. At the time of the accident, Christopher was driving a 1998 Chrysler Sebring which he owned. There is no dispute that the vehicle was not insured by appellant. However, the parties agree that Christopher was covered as a relative under his parents' Nationwide policy. The Nationwide policy has an UM/UIM endorsement which provides for UM/UIM coverage in the amount of $100,000 for each person and $300,000 for each occurrence for the policy holders as well as their relatives.
 {¶ 5} On April 13, 2004, Hall filed a motion for partial summary judgment. Hall contended the UM/UIM provision of the Nationwide policy covers damages for wrongful death even if the deceased was driving a vehicle not insured under the policy. On April 27, 2004, Nationwide filed a cross-motion for summary judgment. Nationwide argued the other owned vehicle exclusion prohibits recovery for any injuries or resulting death that occurs when an insured drives a vehicle not insured under the policy.
 {¶ 6} On June 8, 2004, the trial court issued a decision that granted Hall's motion and denied Nationwide's motion. The trial court held that the phrase "for bodily injury" was ambiguous as stated in the other owned vehicle exclusion to the UM/UIM coverage provided by Nationwide. The court then interpreted the ambiguity in favor of the insured individuals, and determined appellee was entitled to damages from appellant for wrongful death.
 {¶ 7} Nationwide appeals the trial court's decision and presents one assignment of error:
THE TRIAL COURT ERRED IN HOLDING THAT IT IS AMBIGUOUS WHETHER WRONGFUL DEATH DAMAGES ARE EXCLUDED UNDER THE "OTHER OWNED AUTO" EXCLUSION CONTAINED WITHIN DEFENDANTA-PPELLANT, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S, AUTOMOBILE INSURANCE POLICY.
 {¶ 8} Appellant argues that the unambiguous provisions of the insurance policy preclude appellee from recovering UM/UIM benefits under the facts of this case. More specifically, appellant contends the other owned auto exclusion bars coverage for any bodily injury and derivative claims, including wrongful death claims, when an insured is injured while driving a vehicle not insured under the policy. Appellee argues the trial court was incorrect to find the provision ambiguous and to find coverage.
 {¶ 9} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 10} Contract interpretation is generally a matter of law for the court. The ultimate purpose is to discover and apply the intent of the parties, which is presumed to be contained in the written language agreed to by the parties. See Graham v. Drydock Coal Co. (1996),76 Ohio St.3d 311, 313-314. "When the terms of the contract are unambiguous and clear on their face, the court does not need to go beyond the plain language of the contract to determine the rights and obligations of the parties and the court must give effect to the contract's express terms." Little Eagle Properties v. Ryan, Franklin App. No. 03AP-923, 2004-Ohio-3830, ¶ 13. However, when the contract is ambiguous on its face, "policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured." ErieIns. Exchange v. Colony Dev. Corp., Franklin App. No. 02AP-1087,2003-Ohio-7232, ¶ 37.
 {¶ 11} The Uninsured Motorists Coverage Agreement ("UM Agreement") now at issue begins by providing:
We will pay compensatory damages, including derivative claims, that you or a relative are legally entitled to recover from the owner or driver of an uninsured motor vehicle under the tort law of the state where the motor vehicle accident occurred, because of bodily injury suffered by you or a relative and resulting from the motor vehicle accident. Damages must result from a motor vehicle accident arising out of the:
1. ownership;
2. maintenance; or
3. use;
of the uninsured motor vehicle.
The UM Agreement defines an uninsured motor vehicle to include one which is underinsured. The Coverage Exclusions section of the UM Agreement ("Exclusions") then sets forth:
This coverage does not apply to anyone for bodily injury or derivative claims:
* * *
3) While any Insured operates or occupies a motor vehicle:
a) owned by;
b) furnished to; or
c) available for the regular use of;
you or a relative, but not insured for Auto Liability coverage under this policy. It also does not apply if any insured is hit by any such motor vehicle.
Bodily injury is not defined in the UM Agreement or in the Exclusions, but is defined under the main Insuring Agreement as: "a) physical injury; b) sickness; c) disease; or d) resultant death; of any person which results directly from a motor vehicle accident."
 {¶ 12} The trial court found the contract language to be open to more than one interpretation and therefore ambiguous. In particular, the trial court found that the phrase "for bodily injury" found in the Exclusions along with the definition of "bodily injury" as found in the Insuring Agreement could be interpreted either to include or to exclude damages for wrongful death.
 {¶ 13} In the past, we have found similar contractual language to be ambiguous. In Newsome v. Grange Mut. Cas. Co. (Feb. 23, 1993), Franklin App. No. 92AP-1172, we held that "for bodily injury" did not include wrongful death claims. The Newsome policy stated UM/UIM coverage was provided for damages incurred "because of bodily injury" and was excluded "for bodily injury" sustained by an insured while driving or occupying a vehicle not insured under the policy. The definitions page of the insurance policy defined bodily injury to be "bodily harm, sickness or disease, including death that results." Id. We held:
* * * According to appellant, the clear and unambiguous meaning of "for bodily injury" is the same as "because of bodily injury." We do not agree that this is a clear and unambiguous matter. In all situations, the modifying language "for" and "because of" cannot be interchanged without altering the meaning of the concomitant language. * * *
Id.
 {¶ 14} In Leonhard v. Motorists Mut. Ins. Co. (Mar. 3, 1994), Franklin App. No. 93AP-449, we followed the precedent set in Newsome and again found the phrase "for bodily injury" to be ambiguous. The Leonhard policy stated UM/UIM coverage was excluded "for bodily injury sustained by any person: * * * while occupying or when struck by any motor vehicle owned by [the insured] or any family member which is not insured with this coverage under this policy." Id. Bodily injury was defined under the policy to include death resulting from bodily harm. We held that the exclusion was "inapplicable to the wrongful death claims brought by appellants, as these are sought, not for bodily injury, but because of it." Id. We further held that "the exclusion language `for bodily injury' cannot be read as `because of bodily injury,'" and therefore, claims for wrongful death do not fall under the exclusion. Id.
 {¶ 15} The language now before us is quite similar to that found in both Newsome and Leonhard. All three contracts exclude coverage "for bodily injury" occurring while an insured is driving or occupying certain vehicles not insured under the contract. All three contracts define "bodily injury" to include death. All three contracts fail to specifically mention wrongful death claims.
 {¶ 16} As was the case in Newsome, the Nationwide insurance policy herein uses the phrase "because of bodily injury" when discussing UM/UIM coverage but then uses the phrase "for bodily injury" when discussing exclusions to that coverage. (Emphasis added.) We held in Newsome that the two phrases are not interchangeable in all situations. As inNewsome, we again find the two phrases are not interchangeable.
 {¶ 17} Additionally, Nationwide's argument that wrongful death claims are subsumed in the category of derivative claims also fails. The Supreme Court of Ohio has addressed the issue and has held that wrongful death claims are not derivative claims. The court held:
Because a wrongful death action is an independent cause of action, the right to bring the action cannot depend on the existence of a separate cause of action held by the injured person immediately before his or her death. To conclude otherwise would convert the wrongful death action from an independent cause of action to a derivative action, one dependent on a separate cause of action. * * *
Thompson v. Wing (1994), 70 Ohio St.3d 176, 183.
 {¶ 18} Consequently, precedent requires we find the language at issue to be ambiguous. We can find no precedent, and counsel has not invited our attention to any, that would find this language to be clear and unambiguous.[2] Ambiguity is resolved in favor of the insured. The trial court was correct in its determinations. Nationwide's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] The trial court's decision and entry was made final by the March 4, 2005 agreed entry.
[2] Ohio's Sixth and Seventh Appellate Districts have also found the phrase "for bodily injury" to be ambiguous. See Aldrich v. PacificIndemn. Co., Columbiana App. No. 02 CO 54, 2004-Ohio-1546 (holding other owned automobile exclusion in policy "for bodily injury" did not prohibit parents and siblings of child from collecting UIM benefits for wrongful death of child); and Kotlarczyk v. State Farm Mut. Auto. Ins. Co., Lucas App. No. L-03-1103, 2004-Ohio-3447 (holding "other owned auto" exclusion did not preclude UM/UIM coverage for losses mother sustained as a result of the wrongful death of daughter).