OPINION
{¶ 1} Plaintiffs-appellants, William Webb, individually, and as the Executor of the Estate of Deborah Ann Webb (collectively "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment and granting summary judgment in favor of defendant-appellee, Nationwide Mutual Insurance Company ("appellee").[1]
 {¶ 2} The underlying facts in this litigation are not in dispute. On January 21, 2001, appellant William Webb ("appellant Webb") and his wife Deborah ("decedent") were driving their motor vehicle eastbound on U.S. 33 in Logan County, Ohio. Ronald McCarty, the tortfeasor, was driving westbound, when his vehicle went left of center causing a head-on collision that resulted in the death of Deborah Webb and injuries to William Webb. At the time of the accident, McCarty was insured by the Ohio Casualty Group, which carried a $300,000 single limit auto liability policy. Appellant Webb and the decedent had a personal automobile policy with appellee that provided uninsured/underinsured motorist ("UM/UIM") coverage in the amount of $100,000 per person and $300,000 per accident.
 {¶ 3} Appellant Webb settled his individual claims with McCarty for $25,000, and McCarty settled the claims of the estate for $269,836.08. Said amount to the estate was divided equally among appellant Webb and his two children. Thereafter, appellants sought UM/UIM coverage from appellee for additional losses. Litigation ensued and appellee filed a motion for summary judgment on the issue of coverage. Appellants then filed a cross-motion for summary judgment. The trial court found that appellee's policy language clearly and unambiguously limited all claims arising out of the bodily injury suffered by the decedent, including all derivative claims to the single per-person limit of $100,000. The trial court compared the $269,836.08 recovered by appellants to the $100,000 policy limit, and found that no UM/UIM coverage was available because the amount recovered exceeded the amount of the UM/UIM policy limit. Finding no basis for a UM/UIM claim, the trial court granted judgment in favor of appellee. Appellants timely appealed.
 {¶ 4} On appeal, appellants raise the following assignment of error:
THE TRIAL COURT ERRED BY GRANTING NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 5} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. As such, we stand in the shoes of the trial court and conduct an independent review of the record. Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66.
 {¶ 6} When reviewing the construction of a written contract, our primary role is to ascertain and give effect to the intent of the parties. Saunders v. Mortensen (2004), 101 Ohio St.3d 86,2004-Ohio-24, citing Hamilton Ins. Services, Inc. v. NationwideIns. Co. (1999), 86 Ohio St.3d 270. "`When the terms of the contract are unambiguous and clear on their face, the court does not need to go beyond the plain language of the contract to determine the rights and obligations of the parties and the court must give effect to the contract's express terms.'" LittleEagle Properties v. Ryan, Franklin App. No. 03AP-923,2004-Ohio-3830, at ¶ 13, quoting EFA Assoc., Inc. v. Dept. ofAdm. Serv., Franklin App. No. 01AP-1001, 2002-Ohio-2421. However, when the contract is ambiguous on its face, "`policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured.'" Erie Ins. Exchangev. Colony Dev. Corp., Franklin App. No. 02AP-1087,2003-Ohio-7232, at ¶ 37, quoting Butche v. Ohio Casualty Ins.Co. (1962), 174 Ohio St. 144, paragraph three of the syllabus.
 {¶ 7} Since the underlying facts of this case are undisputed, there is no genuine issue of material fact for this court to consider. Rather, this case turns on the interpretation of the "Limits of Payments" section of appellee's UM/UIM policy.
 {¶ 8} R.C. 3937.18(H) permits an automobile liability insurer to consider all claims arising from one person's bodily injury to a single claim. The statute provides, in pertinent part:
Any automobile liability * * * policy of insurance that includes [UM/UIM coverage] * * * and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
 {¶ 9} Appellee's "Limits of Payment" section in the UM/UIM policy, provides in part:
We agree to pay losses up to the limits stated in the attached Declarations. Any change to those limits must be requested by the policyholder in writing. The following applies to these limits:
1. Bodily injury limits shown for any one person are for all legal damages, including all derivative claims, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including all derivative claims, due to bodily injury to two or more persons in any one occurrence.
 {¶ 10} Appellants argue that pursuant to this court's decision in Ferguson v. Nationwide Property Casualty Co.
(July 16, 1996), Franklin App. No. 96APE01-82, and Hall v.Nationwide Mut. Fire Ins. Co., Franklin App. No. 05AP-305,2005-Ohio-4572, the above-stated language in appellee's policy does not effectively limit derivative claims to a single per person limit. In contrast, appellee argues that it does.
 {¶ 11} In Ferguson, this court reviewed a policy that stated in part:
"Bodily injury limits shown for any one person are for all legal damages; including all derivative claims, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including all derivative claims, due to bodily injury to two or more persons in any one occurrence." (Emphasis sic.)
 {¶ 12} The UM/UIM Endorsement 2352 in Ferguson, contained the following modified language:
"The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence." (Emphasis sic.)
 {¶ 13} In analyzing these provisions, this court stated:
The significance in the change from "for bodily injury" to" arising out of and due to bodily injury" is that the former has been held not to restrict derivative claims, brought by insureds other than the injured party, to the single per-person limit on damages, while the latter has been held to effectively limit all claims to the single per-person limit when only one person is injured. Adkins v. Republic-Franklin Ins. Co. (1991),76 Ohio App. 3d 611, 602 N.E.2d 756.
Id.
 {¶ 14} Thus, this court held, in Ferguson, that "[b]ased upon Ohio precedent establishing that the language contained in the endorsement is effective to preclude recovery under a separate per-person limit for Sheila Ferguson's claims, we find that the trial court did not err in limiting appellees' recovery to a single per-person limit under the Nationwide Mutual Fire Insurance Co. policy."
 {¶ 15} Recently, in Hall, supra, this court reviewed similar language, and specifically addressed, the phrase "for bodily injury" as used in an "other owned vehicle exclusion" to UM/UIM coverage provided by a Nationwide policy. The pertinent part of the UM/UIM policy in Hall, provided in part:
We will pay compensatory damages, including derivative claims, that you or a relative are legally entitled to recover from the owner or driver of an uninsured motor vehicle under the tort law of the state where the motor vehicle accident occurred, because of bodily injury suffered by you or a relative and resulting from the motor vehicle accident. * * *
 {¶ 16} The exclusion in the Hall policy provided in part:
This coverage does not apply to anyone for bodily injury or derivative claims:
* * *
3) While any Insured operates or occupies a motor vehicle:
a) owned by; b) furnished to; or c) available for the regular use of; you or a relative, but not insured for Auto Liability coverage under this policy. It also does not apply if any insured is hit by any such motor vehicle.
 {¶ 17} In Hall, Nationwide argued that the other owned vehicle exclusion prohibited recovery for any injuries or resulting death that occurs when an insured drives a vehicle not insured under the policy. This court noted that the policy used the phrase "because of bodily injury" when discussing UM/UIM coverage, but then used the phrase "for bodily injury" when discussing exclusions to that coverage. Finding that the two phrases are not always interchangeable, this court held that precedent required a finding that the language at issue was ambiguous. Specifically, we noted that in Leonhard v. MotoristsMut. Ins. Co. (Mar. 3, 1994), Franklin App. No. 93AP-449, this court held that an exclusion was inapplicable to the wrongful death claims brought by appellants, as those are sought, not for bodily injury, but because of it. Therefore, based on Leonhard,
we reached the conclusion that the phrases could not be interchanged in that circumstance.
 {¶ 18} In the case presently before us, the trial court relied on Saunders, supra, and held that the language used in appellee's policy clearly consolidated the beneficiaries' claims. However, it is important to note that the policy in Saunders
did not contain the same language found in the policy presently before us, or in the Ferguson case. In Saunders, the policy provided that the insurer will pay for losses caused by uninsured/underinsured motorists up to the limits of liability in the policy declarations ($100,000/300,000), subject to the following limitations:
1. The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence.
The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence.
Subject to this per-person limit, the total limit of our liability shown for each occurrence is the total amount available when two or more persons sustain bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims arising out of bodily injury, including death, to two or more persons as a result of one occurrence.
Id. at 88-89.
 {¶ 19} The court in Saunders focused on the policy as a whole, and held that the above-stated provisions clearly and unambiguously limited all claims arising out of one person's bodily injury to the single per-person policy limit.
 {¶ 20} Here, appellants argued in their motion for reconsideration before the trial court that despite the Supreme Court of Ohio's decision in Saunders, the holding in Ferguson
must prevail. The trial court disagreed, and found the language in appellee's policy to be "sufficiently close" to that reviewed in Saunders so as to constitute an adequate limit on recovery. Also, the trial court noted that Saunders was decided just 16 months prior to the trial court's decision and that Ferguson
was decided in mid-1996. In declining to apply the holding inFerguson, and instead following the logic of Saunders, the trial court reasoned that "[i]nsurance jurisprudence in this state has fluctuated greatly in the last decade, leaving a trail of different holdings regarding essentially identical issues." (June 8, 2005 Journal Entry, at 2.)
 {¶ 21} The distinction, however, between the Saunders case and the case before us is that the court in Saunders was not concerned with the phrases "for bodily injury," and "arising out of bodily injury," and the differences between them, because such language was not found in the Saunders policy. Thus, the effect is that Saunders does not overrule Ferguson, even implicitly.
 {¶ 22} Further, this court recognizes the change in the landscape of judicial interpretation of automobile liability insurance policies in Ohio; namely, the shift away from the previous ease with which ambiguities were found to exist. Nonetheless, with respect to this narrow issue regarding "for bodily injury" versus "arising out of bodily injury," we are bound to follow the law of this state and this district as it currently exists. Therefore, based on this court's decision inFerguson, which this court followed in Hall, we find that by using the phrase "for bodily injury," appellee's limits of payment section in its UM/UIM coverage form does not clearly and unambiguously limit all claims derived from one person's bodily injury to the single per-person limit of the policy, i.e., $100,000.
 {¶ 23} Appellee has advanced the argument that even if we find that the policy at issue does not effectively limit derivative claims to a single per-person limit, there is still no basis for a UM/UIM claim because there is more liability coverage than UM/UIM coverage. In other words, there is $300,000 available in UM/UIM coverage, and $300,000 available from the tortfeasor's liability policy, and since the $300,000 available in UM/UIM coverage is not greater than the $300,000 in liability coverage, there is no basis for a UM/UIM claim. Appellee relies onLittrell v. Wigglesworth (2001), 91 Ohio St.3d 425, in support of its position. However, it is clear that the court inLittrell rejected such a strict limits-to-limits comparison.
 {¶ 24} In Littrell, the Supreme Court of Ohio reviewed several different automobile liability insurance policies present in several different factual scenarios, and the court clearly stated that "a strict policy-limits-to-limits comparison is untenable." Id. at 432. While we may find aspects of Justice Cook's dissent in Littrell to be persuasive, particularly her view that the "plain language of the [UM/UIM] statute mandates a limits-to-limits comparison as opposed to a comparison of the amounts actually recovered to the underinsured motorist policy limits," id. at 436 (Cook, J. dissenting), we are bound to follow the majority decision of Littrell which holds otherwise.
 {¶ 25} Appellee's arguments, and Justice Cook's dissent, relating to a limits-to-limits comparison would appear to lead to a correct determination of whether or not UM/UIM coverage is available under the law as enacted by the General Assembly. However, such is not the law under Littrell. While we commend appellee's efforts in attempting to carve out exceptions toLittrell, we are unable to apply such exceptions to the facts of this case.
 {¶ 26} Appellee argues that when reviewing policies inLittrell, particularly the Westfield and State Farm policies, the amounts actually recovered by the claimants were not important to the court. The fallacy with appellee's argument is that in those cases, the amounts actually recovered were equal to the amounts of the policy limits. To say that the amount actually recovered was immaterial, or irrelevant to the court, is to take the review of those policies out of context, and ignore the rest of the Littrell opinion. From what we can surmise, the court's concern in Littrell was twofold. First, that a claimant would not be in a position better off, or worse off, than one would be had the tortfeasor been uninsured, and secondly, that to determine what amount is available for recovery, one must look at what amount was actually recovered by a claimant.
 {¶ 27} Thus, in the present case, if McCarty had been uninsured, the claimants would be entitled to the $300,000 per occurrence limit, based on Ferguson and Hall. The claimants received $269,836.08. Thus, pursuant to Littrell, since $269,836.08 is less than $300,000, the claimants are entitled to benefits under appellee's UM/UIM policy. Accordingly, we sustain appellants' single assignment of error.
 {¶ 28} Also contained in appellee's brief are alternative arguments regarding whether or not the decedent's parents qualify as insureds under appellee's policy, and issues regarding setoff. However, because it found that appellants were not entitled to UM/UIM coverage, the trial court did not reach either of these issues. As such, we decline to rule on them now, and instead remand the matter to the trial court for adjudication.
 {¶ 29} For the foregoing reasons, appellants' single assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is hereby reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed; cause remanded.
Klatt, P.J., and French, J., concur.
[1] Appellants initially filed suit against several insurance companies; however, appellants dismissed their complaints against those defendants in November 2003, and therefore, only the uninsured/underinsured claims against Nationwide remained pending. Thus, this appeal relates only to the disposition of the cross-motions for summary judgment filed by appellants and Nationwide.