DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant brings this accelerated appeal from a summary judgment awarded to a claimant for underinsured motorist coverage by the Lucas County Court of Common Pleas. *Page 2 
 {¶ 2} Sara E. Lager died from injuries she sustained in a 2003 collision while a passenger in her own car. The accident was caused by the negligence of the driver of Sara's car, Ryan Miller-Gonzalez.
 {¶ 3} At the time of the accident, Sara Lager was insured by an auto policy issued by Nationwide Property and Casualty Co. with uninsured/underinsured motorist ("UM/UIM") limits of $50,000 per person/$100,000 per occurrence. At the same time her parents, Fred and Cathy Lager, were insured by an auto policy issued by appellant, Nationwide Mutual Fire Insurance Co. This policy provided $300,000 per person/$300,000 per occurrence UM/UIM coverage for the Lagers or a "relative."
 {¶ 4} On January 21, 2005, appellee, Fred L. Lager as administrator of the estate of Sara E. Lager, brought a wrongful death and survivorship suit against Miller-Gonzalez and sought a declaration of UM/UIM coverage under the policies issued by Nationwide Property and Casualty Co. and appellant. Nationwide Property eventually agreed to pay its policy limits as UIM coverage and was dismissed as a defendant.[1]
 {¶ 5} On February 2, 2006, appellant moved for summary judgment, arguing that by the terms of its policy issued to Fred and Cathy Lager, UM/UIM coverage for Sara Lager was excluded by an "other owned auto" exclusion because her vehicle was not listed as an insured vehicle on her parent's policy. Moreover, appellant asserted, *Page 3 
coverage was precluded because she was not a "relative" of her parents as defined in the policy's UM/UIM provisions.
 {¶ 6} Appellee responded with a memorandum in opposition and his own cross-motion for summary judgment. In support of his cross-motion, appellee submitted affidavits and other documents tending to show that the 21-year-old Sara at the time of her death was living in Toledo to attend college, but maintained her permanent residence at the Centerville, Ohio home of her parents. Thus, appellee contended, Sara was covered under her parents' policy as a "relative:" which, in the language of the insurance contract, included a blood relation, "* * * if under the age of 25 and unmarried, while living temporarily outside your household."
 {¶ 7} On April 13, 2006, the trial court denied appellant's motion for summary judgment and granted appellee's. The court concluded that, on the undisputed facts before the court, Sara Lager was a "relative" entitled to UM/UIM coverage under her parents policy. With respect to the "other owned auto" exclusion that appellant asserted excluded any coverage, following Hall v. Nationwide Mut. Fire Ins. Co., 10th Dist. No. 05AP305, 2005-Ohio-4572, the court found the language of the exclusion ambiguous and construed the policy in favor of coverage.
 {¶ 8} On May 5, 2006, appellant moved for relief from judgment/reconsideration of the decision. On June 5, 2006, appellant moved to stay the effect of the summary judgment until appellant could take the deposition of Ryan Miller-Gonzalez. *Page 4 
 {¶ 9} On August 23, 2006, appellant filed the deposition of Miller-Gonzalez. In his deposition, Miller-Gonzalez testified that at the time of the accident he was living with Sara Lager, sharing financial responsibilities with her and that the two were making plans to be married. Nevertheless, on September 26, 2006, the trial court denied appellant's Civ.R. 60(B)/reconsideration motion and found moot its motion for a stay. The court later also found moot an appellee motion to strike the Miller-Gonzalez deposition.
 {¶ 10} From these judgments, appellant now brings its appeal. In three assignments of error, appellant asserts that the trial court erred in (1) denying its summary judgment motion; (2) granting appellee's motion for summary judgment; and, (3) denying its motion for reconsideration.
 {¶ 11} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 12} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C). *Page 5 
 {¶ 13} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 I. Coverage/Other Owned Auto Exclusion. {¶ 14} The policy of insurance issued by appellant to the Lagers contains the following provision in its UM/UIM endorsement:
 {¶ 15} "We will pay compensatory damages, including derivative claims, that you or a relative are legally entitled to recover from the owner or driver of an uninsured motor vehicle under the tort law of the state where the motor vehicle accident occurred, because of bodily injury
suffered by you or a relative and resulting from the motor vehicle
accident. Damages must result from a motor vehicle accident arising out of the: 1. ownership; 2. maintenance; or 3. use; of the uninsured motorvehicle." (Emphasis in original.) *Page 6 
 {¶ 16} As defined in the policy, an uninsured motor vehicle includes an underinsured motor vehicle. "That is a motor vehicle for which bodily injury liability coverage limits or other security or bonds are in effect; however, their total amount available for payment is less than the limits of this coverage." A "`RELATIVE' means a natural person who regularly lives in your household and who is related to you by blood, marriage or adoption (including a ward or foster child). `RELATIVE' includes such person, if under the age of 25 and unmarried, while living temporarily outside your household."
 {¶ 17} From the affidavit of appellee, undisputed at the time the cross-motions for summary judgment became decisional, Sara satisfied the conditions of the policy for coverage as a relative. She was under 25. She was temporarily residing outside her parents' home while attending college. The $50,000 per person limit under her own Nationwide Property insurance policy was less that the $300,000 per person limit in her parents' policy with appellant.
 {¶ 18} Without conceding the coverage issue, appellant insists that, even assuming there is coverage, recovery must be denied because of the policy's other-owned auto exclusion. Under "Coverage Exclusions," the policy provides:
 {¶ 19} "A. This coverage is not applied to anyone for bodilyinjury or derivative claims:
 {¶ 20} "* * *
 {¶ 21} "3.While any insured operates or occupies a motor vehicle: *Page 7 
 {¶ 22} "a) owned by:
 {¶ 23} "b) furnished to; or
 {¶ 24} "c) available for the regular use of;
 {¶ 25} "you or a relative, but not insured for auto liability coverage under this policy. * * *"
 {¶ 26} Appellant maintained that Sara Lager died of bodily injuries sustained in a vehicle owned by her, but not insured under its policy. Consequently, appellant insists, coverage for her was excluded.
 {¶ 27} Appellee responded that Sara Lager's parents are legally entitled to recover under Ohio tort law from an underinsured driver for the presumptive damages they sustained as the result of Sara's death. See R.C. 2125.02(A). Such injuries, according to appellee, are "because of Sara's bodily injury, not "for" Sara's bodily injuries. Appellant's policy coverage clause grants coverage "because of bodily injury * * * suffered by you or a relative * * *." Consequently, appellee argued, coverage exists. Since the parents' claim is for their own loss resulting "because of Sara's death, not "for" her death, appellee insisted, the exclusion does not apply.
 {¶ 28} Following Hall, supra, the trial court found ambiguous the "because of-"for" discrepancies in the policy. Construing the language of the policy in favor of the insured, see King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 208, syllabus, the court concluded that coverage existed and appellee was entitled to judgment as a matter of law. *Page 8 
 {¶ 29} On appeal, appellant contends that the trial court's reliance on Hall is misplaced as that decision came from the Tenth District Court of Appeals and is not binding on courts in this jurisdiction.
 {¶ 30} While it is true that the decisions of other courts of appeals are not binding on us, they do carry a substantial persuasive authority.Stapleton v. Holstein (1998), 131 Ohio App.3d 596, 598. Hall examined the exact same policy language applied in circumstances materially the same as those presented here. The Hall court found this language ambiguous. Hall at ¶ 18, discretionary appeal not accepted,108 Ohio St.3d 1416, 2006-Ohio-179. We are persuaded that this is the proper interpretation of this insurance contract.
 {¶ 31} Accordingly, the trial court properly denied appellant's motion for summary judgment and did not err in granting appellee's motion for summary judgment. Appellant's first and second assignments of error are not well-taken.
 II. Relief from Judgment/Reconsideration {¶ 32} In its remaining assignment of error, appellant asserts that the trial court erred in denying its motion for relief from judgment or reconsideration.
 {¶ 33} In their briefs, neither party addresses the relief from judgment question. This is as well, as Civ.R. 60(B) applies to a "final judgment, order or proceeding." The summary judgment here was interlocutory until Civ.R. 54(B) language was added well after the decision about which appellant complains was entered. *Page 9 
 {¶ 34} A motion for reconsideration after a final judgment is not recognized in the Ohio Rules of Civil Procedure. Pitts v. Ohio Dept. ofTramp. (1981), 67 Ohio St.2d 378, paragraph two of the syllabus. Prior to a ruling becoming final, however, a trial court may entertain a motion for reconsideration. Picciuto v. Lucas Cty. Bd. of Commrs.
(1990), 69 Ohio App.3d 789, 797. Whether to grant a motion for reconsideration rests within the sound discretion of the court and will not be disturbed absent an abuse of discretion. Id. An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Harman v. Baldwin, 107 Ohio St.3d 232, 235,2005-Ohio-6264, ¶ 16.
 {¶ 35} Appellant insists that we carefully examine the September 26, 2006 entry denying its reconsideration motion. Appellant suggests that, because the entry did not even mention the Miller-Gonzalez deposition, the court failed to consider this evidence. What appellant fails to provide is authority that would necessitate the court considering such a late filing, months after the cross-motions for summary judgment became decisional.
 {¶ 36} The trial court issued its judgment on the cross-motions for summary judgment on April 12, 2006. On May 5, 2006, appellant moved for reconsideration, premising its motion on what it asserted were cases undermining the court's reasoning in granting summary judgment. On August 23, 2006, appellant filed the Miller-Gonzalez deposition with a document captioned, "Notice of Filing by Nationwide Mutual Fire Insurance Company." It is in this pleading only that appellant argues that the Miller- *Page 10 
Gonzales deposition demonstrates that Sara Lager was not a "relative" within the meaning of the policy.
 {¶ 37} After a case has been set for pretrial or trial, a motion for summary judgment may be made only with leave of the court. Civ.R. 56(B). Civ.R. 56(C) directs, in part, "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence orstipulation may be considered except as stated in this rule." (Emphasis added.) Civ.R. 56(E) provides that, "[t]he court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. * * *" The trial court has discretion as to whether accept or reject consideration of late filed affidavits or depositions. Smitley v.Smith (Mar. 8, 1988), 4th Dist. No. 455.
 {¶ 38} The deposition appellant insists should have been considered was filed well out of rule and we find no indication in the record to suggest that appellant sought the court's permission for such untimely filing. Consequently, we cannot say that the court abused it's discretion in failing to consider the deposition or denying appellant's motion for reconsideration. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 39} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 11 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR.
[1] Appellant represents that Miller-Gonzalez was also dismissed from the case, but we find no dismissal in the record. This is nonetheless immaterial as the judgment appealed from contained Civ.R. 54(B) language. *Page 1