DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Loutan Mills, f.k.a. Loutan Wilson, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment to Appellee, GEICO General Insurance Company. We affirm in part, reverse in part, and remand.
 {¶ 2} In November 2001, Appellant's son, Titus Wilson, passed away from injuries sustained as a result of a car accident. Appellant and her son's wife, Luciana Wilson, filed suit against the driver of the vehicle, Appellee, and various John Doe Defendants. Appellant claimed the right to UIM coverage under her policy with Appellee for damages she sustained arising out of her son's death. The driver's estate settled all claims with Luciana, paying her the policy limits of the driver's insurance. Luciana also received additional money under the UIM provisions of her mother's insurance policy, leaving Appellant's UIM claim as the sole remaining issue in the pending lawsuit.
 {¶ 3} Appellee filed a motion for summary judgment on March 23, 2004, asserting that the UIM provisions covered only damages for bodily injury suffered personally by an insured. Appellant challenged the motion, arguing that she was entitled to recover UIM damages under the policy irrespective of whether she personally suffered bodily injury, and that her son was a household member at the time of the accident such that he was also an insured under the policy. The trial court granted summary judgment to Appellee. Appellant timely appealed, raising two assignments of error for our review. For ease of discussion, we will address both assignments of error together.
 ASSIGNMENT OF ERROR I
"The Trial Court committed prejudicial error in granting [Appellee's] Motion for Summary Judgment, by ruling, as a matter of law, that [Appellant] is not entitled to UIM coverage pursuant to her policy issued by [Appellee]."
 ASSIGNMENT OF ERROR II
"The Trial Court committed prejudicial error in granting [Appellee's] Motion for Summary Judgment, by ruling that [Appellee] has carried its burden to prove that decedent Titus L. Wilson, [Appellant's] son, was not a member of his mother's household at the time of the subject collision, and was therefore not an insured under the subject policy."
 {¶ 4} In her assignments of error, Appellant argues that the trial court erred by granting summary judgment to Appellee on two bases. First, she asserts that she is entitled to UIM coverage under the policy of insurance, regardless of whether she personally suffered bodily injury, even if her son was not an insured. Second, she alleges that Appellee failed to offer evidence showing that her son was not a resident of her household, thus rendering improper the trial court's finding on summary judgment that her son was not an insured. We agree in part with Appellant's assertions.
A. Summary Judgment Standard
 {¶ 5} Summary judgment is proper under Civ.R. 56(C) if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
This court reviews the trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Any doubt must be resolved in the favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
B. Relevant Contract Language
 {¶ 6} Appellant's insurance contract provides UIM coverage for:
"damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an * * * underinsured motor vehicle[.]" (Emphasis omitted.)
An insured for purposes of UIM coverage includes (1) the individual named in the policy, (2) any relative of the named insured if a resident of his or her household, and (3) "any person who is entitled to recover damages because of bodily injury sustained by an insured" defined by the previous sections. The contract further defines bodily injury as "bodily injury to a person including resulting sickness, disease or death."
 {¶ 7} Based upon the contract language, Appellant contends that she may recover UIM benefits in two situations. First, regardless of whether her son was an insured under the policy, she asserts that she is legally entitled to recover damages she suffered due to bodily injury to another person, her son. She construes the contract language to permit recovery irrespective of whether she or another insured has personally suffered bodily injury:
"Decedent [her son] was a person who suffered bodily injury as the result of an automobile collision, including his death. [Appellant] is legally entitled to recover from Demetrius Leonard, the operator of the motor vehicle who negligently caused [her son's] death. Therefore, [Appellant] is entitled to underinsured motorist coverage pursuant to the insurance policy issued by [Appellee]."
 {¶ 8} Second, Appellant opines that her son was a resident of her household at the time of the accident, and thus an insured under the contract. If her son was an insured, she may recover UIM benefits for damages she suffered "because of bodily injury sustained by an insured[.]" In this regard, she alleges that the trial court erred in finding that the residency of her son, and his status as an insured, was not in dispute. We will address each issue in turn.
C. Recovery Regardless of Son's Status as Insured
 {¶ 9} Courts construe the language of an insurance contract as a matter of law. Leber v. Smith (1994), 70 Ohio St.3d 548,553. In determining the meaning of an insurance contract, a court should first consider the policy language, giving terms their plain and ordinary meaning. Gomolka v. State Auto. Mutl. Ins.Co. (1982), 70 Ohio St.2d 166, 167-168. If contract provisions allow for more than one interpretation, the provisions must be strictly construed against the insurer. Beaver Excavating Co. v.United States Fid. Guar. Co. (1998), 126 Ohio Ap.3d 9, 14, citing King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,211. However, "if the language of the policy's provisions is clear and unambiguous, [a] court may not `resort to construction of that language.'" Hybud Equip. Corp. v. Sphere Drake Ins. Co.,Ltd. (1992), 64 Ohio St.3d 657, 665, quoting Karabin v. StateAuto Mut. Ins. Co. (1984), 10 Ohio St.3d 163, 167.
 {¶ 10} Assuming, for the sake of argument, that Appellant's son was not an insured under the contract, she may recover UIM benefits if she sustained "damages for bodily injury caused by accident" which she could legally recover from the driver of an underinsured motor vehicle. Without dispute, Appellant did not personally suffer bodily injury in this instance. Her claims arise entirely from loss of consortium and wrongful death claims. Although she asserts that the trial court agreed that she need not suffer bodily injury in order to recover UIM benefits, the trial court carefully circumscribed its holding: "[T]his Court agrees with [Appellant] that she need not suffer bodily injury, rather she must sustain damages as a result of an injury to aninsured." (Emphasis added.) The contract unambiguously provides UIM coverage to Appellant if her son was an insured. However, the question remains as to whether she may collect UIM benefits for damages she suffered arising out of bodily injury to her son if he was not an insured.
 {¶ 11} Appellant has cited no law supporting her allegation that the phrase "damages for bodily injuries" includes damages stemming from wrongful death and loss of consortium. Existing law actually supports the opposite interpretation: "Claims for wrongful death (and loss of consortium) are not claims `for bodily injury' although they may be claims arising out of bodily injury." Cincinnati Ins. Co. v. Phillips (1990),52 Ohio St.3d 162, 166 (Brown, J., concurring). A number of appellate courts, including this one, have previously agreed with this interpretation. See Short v. Celestino (June 21, 1996), 6th Dist. No. L-95-251; Rose v. Shelby Ins. Co. (Oct. 28, 1992), 5th Dist. No. 92-CA-8; Adkins v. Republic-Franklin Ins. Co.
(1991), 76 Ohio App.3d 611, 613; Wise v. Progressive CasualtyIns. Co. (Apr.24, 1991), 9th Dist. No. 14893, at 10-11. Today, we reiterate that holding and find that damages for wrongful death and loss of consortium are not "damages for bodily injury."
 {¶ 12} The contract language unambiguously limits coverage to damages for bodily injury or death which the insured is legally entitled to recover. Appellant did not suffer bodily injury or death, and is not entitled to recover damages for these things. Although she may be entitled to recover damages arising out of the death of her son, the contract language simply does not expand coverage to that type of damages. We overrule Appellant's first assignment of error.
D. Dispute as to Son's Residency
 {¶ 13} A party moving for summary judgment bears the burden of informing the trial court of the basis for its motion and must identify portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party may satisfy this burden by showing that a party bearing the burden of proof at trial has failed to offer any evidence supporting a key element. SeeAdorno v. Delgado, 9th Dist. No. 04CA008436, 2004-Ohio-5559, at ¶ 17; Mazur v. Kreuzer (June 9, 2000), 2nd Dist. No. 99 CA 111.
 {¶ 14} In this case, Appellant may be entitled to UIM coverage if her son was a resident of her household on the date of the loss, rendering him an "insured" under the policy. At trial, Appellant would have borne the burden of showing that her son was a resident of her household, thus an insured. SeeChicago Title Ins. Co. v. Huntington Natl. Bank (1999),87 Ohio St.3d 270, 273. See, also, Sterling Merchandise Co. v. HartfordIns. Co. (1986), 30 Ohio App.3d 131, 137 ("the insured must show facts sufficient to prove that its loss was within the description of the policy"). The trial court granted summary judgment to Appellee on the basis that Appellant presented no evidence supporting her assertion that her son was a resident at the time of the loss, a key element to her claim for UIM benefits. A review of the record, however, reveals that this issue was not properly before the trial court: Appellee's summary judgment motion never argued the failure of Appellant to produce evidence of residency. Instead, Appellee summarily stated that no issue existed in that respect: "There is * * * no dispute that neither [Appellant's son nor his wife] were named `insureds' * * * nor were they `resident relatives.'"
 {¶ 15} Even after Appellant explicitly raised the issue in her response to Appellee's motion for summary judgment, Appellee did not address the issue or expend the effort to show a lack of evidence regarding residency. Appellee simply continued to argue that, assuming Appellant's son was not an insured under the policy, Appellant was not entitled to UIM damages absent personal bodily injury. As previously noted, the trial court properly rendered partial summary judgment on that issue. However, as Appellee did not raise the issue of residency in its motion for summary judgment, it was improper for the trial court to grant summary judgment on the additional basis that Appellant's son was not an insured. Accordingly, we sustain Appellant's second assignment of error.
 {¶ 16} In closing, this Court would also like to address the format of the trial court's journal entry on summary judgment. The matter before this Court is of a serious nature. The legal issues in this case may be contractual in nature, but the underlying events involve the death of Appellant's son. In consideration of these circumstances, this Court finds the trial court's use of a golfing gecko cartoon on its judgment entry entirely inappropriate. Such behavior offends the solemnity of the proceedings in multiple ways and should be avoided in the future.
 {¶ 17} We overrule Appellant's first assignment of error and affirm the partial grant of summary judgment in that regard. However, we sustain Appellant's second assignment of error, reverse the grant of summary judgment to Appellee based upon residency, and remand to the Summit County Court of Common Pleas for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Carr, J., Whitmore, J., Concur.