OPINION
{¶ 1} Plaintiffs-appellants, Alva and Melinda Tuohy, individually, and Alva Tuohy, as executor of Sam Tuohy's estate (collectively referred to as "appellants"), appeal the judgment of the Defiance County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Westfield Companies ("Westfield") and denied the appellants' cross-motion for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} On October 27, 2003, Sam Tuohy was killed in an automobile accident when his vehicle was struck by a vehicle driven by Catrena Taylor. At the time of the accident, Sam was driving a Chevrolet Blazer titled in his own name. Sam's parents, Alva and Melinda Tuohy, held an insurance policy with Westfield that included a $300,000 uninsured/underinsured (UM/UIM) motorist *Page 3 
coverage. It is undisputed that Alva and Melinda's insurance policy did not list the Chevrolet Blazer as a covered automobile.
 {¶ 3} On October 17, 2005, the executor of Sam's estate, Alva, filed a complaint against Taylor and Westfield. In regards to Westfield, the estate sought recovery under Alva and Melinda's UM/UIM policy. Westfield moved for summary judgment, denying coverage. The estate then filed a motion for summary judgment against Westfield, as well as a motion for summary judgment against Taylor on the issue of liability.[1]
 {¶ 4} On February 22, 2006, Alva and Melinda, acting in their individual capacities, filed a motion to intervene in the case. The trial court granted their motion. In doing so, the trial court found that Westfield's motion for summary judgment also applied to Alva and Melinda.
 {¶ 5} On May 12, 2006, the trial court granted summary judgment in favor of Westfield and denied the appellants' motion for summary judgment. The appellants now appeal the trial court's decision to this court.
 {¶ 6} Before addressing the merits of this case, we must first address a procedural issue. In their brief, the appellants failed to state a specific assignment *Page 4 
of error as required under App.R. 16(A)(3). Instead, the appellants included an "issue presented". The appellants filed a motion for leave to clarify the assignment of error, but this court denied the motion.
 {¶ 7} "An appellate court must determine an appeal based on the `assignments of error set forth in the briefs.'" CountrymarkCooperative, Inc. v. Smith (1997), 124 Ohio App.3d 159, 163,705 N.E.2d 738, citing App.R. 12(A)(1)(b). In the interests of justice, this court will rephrase the "issue presented" as the following assignment of error:
 ASSIGNMENT OF ERROR NO. I The trial court erred when it granted Westfield's motion for summary judgment and denied the appellants' motion for summary judgment.
 {¶ 8} The appellants argue that the trial court erred when it granted summary judgment in favor of Westfield, and denied their motion for summary judgment because the Westfield insurance policy provided UM/UIM coverage. Westfield counters by arguing that the "other owned auto" exclusion in the insurance policy applies and excludes coverage.
 {¶ 9} The trial court's grant of summary judgment is reviewed under a de novo standard. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,2000-Ohio-186, 738 N.E.2d 1243, citing Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate where "(1.) there is no *Page 5 
genuine issue of material fact; (2.) the moving party is entitled to judgment as a matter of law; and (3.) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, citing State ex. rel. Cassels v. DaytonCity School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219,631 N.E.2d 150; Civ. R. 56(C).
 {¶ 10} Neither party disputes the facts surrounding the accident that tragically killed Sam. The parties also do not dispute that the UM/UIM statute permits insurers to limit underinsured motorist coverage. Rather, the question before this court is whether the insurance policy specifically excludes coverage for the appellants' claims.
 {¶ 11} According to the appellants, the "other owned auto" exclusion in the Westfield insurance policy does not preclude their claims. The appellants assert that a wrongful death action is an independent cause of action and that, even if the claims of Sam's estate are excluded from the coverage, that exclusion does not impair Alva and Melinda's wrongful death claims. The appellants also assert: the coverage section of the insurance policy provided coverage "because of bodily injury," while the policy exclusion only excluded coverage "for bodily injury"; wrongful death claims are "because of bodily injury" rather than "for bodily *Page 6 
injury"; and the wrongful death claims are not excluded under the language of the insurance policy.
 {¶ 12} By contrast, Westfield maintains that the coverage is excluded under the "other owned auto" exclusion because: Sam was driving a vehicle titled in his own name when the accident occurred; and the vehicle was not listed under the insurance policy.[2]
 {¶ 13} "[A]n insurance policy is a contract between the insurer and the insured." McDaniel v. Rollins, 3d Dist. No. 1-04-82, 2005-Ohio-3079 at ¶ 31, citing Wilson v. Smith, 9th Dist. No. 22193, 2005-Ohio-337
at ¶ 9, citations omitted. The court must interpret the language in the insurance policy under its plain and ordinary meaning. Id. citingWilson, 2005-Ohio-337, at ¶ 9, citations omitted. When the contract is clear and unambiguous, the court "may look no further than the four corners of the insurance policy to find the intent of the parties." Id. citations omitted. An ambiguity exists "only when a provision in a policy is susceptible of more than one reasonable interpretation."Hacker v. Dickman (1996), 75 Ohio St.3d 118, 119-120, 1996-Ohio-98,661 N.E.2d 1005.
 {¶ 14} When the insurance contract is ambiguous, the court "may consider extrinsic evidence to ascertain the parties' intention."McDaniel at ¶ 33, citing *Page 7 Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 797 N.E.2d 1256, at ¶ 12. Ambiguities in an insurance policy must be interpreted against the insurer and in favor of coverage for the insured. Id., citations omitted. However, "[i]t is axiomatic that this rule cannot be employed to create ambiguity where there is none." Hacker,75 Ohio St.3d at 119-120, 661 N.E.2d 1005.
 {¶ 15} Courts have found that an "other owned auto" exclusion in a UM/UIM policy may preclude coverage for bodily injuries. See Blair v.Cincinnati Insurance Company, 63 Ohio App.3d 81, 2005-Ohio-4323,836 N.E.2d 607; Bailey v. Progressive Ins. Co., 6th Dist. No. H-03-043,2004-Ohio-4853. In addition, courts have held that "other owned auto" exclusions may in some instances preclude coverage for wrongful death claims in the context of commercial auto policies. See Yoder v.Progressive Corp., 11th Dist. No. 2005-G-2633, 2006-Ohio-5191; See alsoGeren v. Westfield Ins. Co., 6th Dist. No. L-01-1398, 2002-Ohio-1230 ("other owned vehicle exclusion" precluded coverage under commercial auto policy for bodily injury).
 {¶ 16} In Kotlarczyk v. State Farm Mutual Aut. Ins. Co., 6th Dist. No. L-03-1103, 2004-Ohio-3447, at ¶ 29, the Sixth District Court of Appeals found that the "other owned auto" exclusion in the insurance policy did not preclude a mother's claim under the mother's insurance policy as a result of her daughter's wrongful *Page 8 
death. In that case, Michelle Kotlarcyzk was killed in an automobile accident while operating a vehicle that she owned but which was not listed in her mother's insurance policy. Id. at ¶¶ 6, 62. Michelle was an insured under her mother's insurance policy because she resided with her mother. Id. at ¶ 62. The "other owned auto" exclusion in that case provided that: "`THERE IS NO COVERAGE: * * * (2) FOR BODILY INJURY TO AN INSURED: (a) WHILE OPERATING OR OCCUPYING A MOTOR VEHICLE OWNED OR LEASED BY, FURNISHED TO, OR AVAILABLE FOR THE REGULAR USE OF YOU, YOUR SPOUSE, OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY.'" Id. at ¶ 60.
 {¶ 17} In her dissent, Judge Lanzinger found that the "`other owned auto' exclusion [was] plain" and that "the stated intent [was] to limit coverage to vehicles specifically identified to the policy." Id. at ¶ 61, (Lanzinger, J. dissenting.) We find Judge Lanzinger's interpretation of the "other owned auto" exclusion to be persuasive here.
 {¶ 18} In this case, the insurance policy provides:
UNDERINSURED MOTORISTS COVERAGE
 We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:
 1. Sustained by an insured; and
 2. Caused by an accident. *Page 9 
 The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.
 * * *
(emphasis in original.) Significantly, the policy also includes an "other owned auto" exclusion, which states:
 We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for bodily injury sustained by an insured while operating, occupying, or when struck by, any motor vehicle owned by or furnished or available for the regular use of you or any family member which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
(emphasis in original). The policy defines bodily injury as "bodily harm, sickness or diseases, including required care, loss of services and death resulting therefrom."
 {¶ 19} We have carefully reviewed the terms of the insurance policy at issue. And, like Judge Lanzinger in Kotlarczyk, we find the language of the "other owned auto" exclusion is plain. The exclusion clearly indicates that the parties intended the policy to limit coverage to the vehicles specifically covered under the insurance policy.
 {¶ 20} At the time of the accident, Sam Tuohy was driving a Chevrolet Blazer and he was listed as the title owner of the Chevrolet Blazer. Alva and Melinda's insurance policy did not list the Chevrolet Blazer as a covered automobile. In fact, Alva and Melinda's insurance policy listed only two vehicles *Page 10 
as covered vehicles under the insurance policy: a 2001 Pontiac Bonneville; and a 1979 Holiday Rambler. Since the Chevrolet Blazer was not listed as a covered vehicle under the policy and it was titled in Sam's name, the "other owned auto" exclusion applies. Thus, the insurance policy in this case excludes coverage for the appellants' claims.
 {¶ 21} Nevertheless, the appellants argue that the language "because of bodily injury" listed in the coverage portion of the insurance policy, and "for bodily injury" used in the "other owned auto" exclusion creates an ambiguity. As a basis for this argument, the appellants point to the Tenth Appellate District's decisions in Hall v. Nationwide MutualFire Insurance, 10th Dist. No. 05AP-305, 2005-Ohio-4572; Leonhard v.Motorists Mut. Ins. Co. (March 3, 1994), 10th Dist. No. 93AP-449;Newsome v. Grange Mutual Casualty Company (February 23, 1993), 10th Dist. No. 92AP-1172.
 {¶ 22} In Hall, Christopher Hall died as the result of an automobile accident which occurred while Hall was driving a vehicle not insured by the insurance company. Hall, 2005-Ohio-4572, at ¶¶ 2, 4. The Tenth District found that the insurance policy was ambiguous when the phrase "because of bodily injury" was included in the coverage section, but "for bodily injury" was included in the policy exclusions. Id. at ¶¶ 13-18; Leonhard, 10th Dist. No. 93AP-449; Newsome, 10th Dist. No. 92AP-1172. The court held that the phrase "for bodily injury" did not *Page 11 
include an insured's wrongful death claims. Id. at ¶ 14, citingLeonhard, 10th Dist. No. 93AP-449. In addition, the Tenth District has stated:
 * * * According to appellant, the clear and unambiguous meaning of "for bodily injury" is the same as "because of bodily injury." We do not agree that this is a clear and unambiguous matter. In all situations, the modifying language "for" and "because of" cannot be interchanged without altering the meaning of the concomitant language. In its own policy, appellant has not been consistent with its choice of language. In the uninsured motorist coverage section, it used language "because of bodily injury" while in the exclusion portion of the policy, it used "for bodily injury."
Newsome (February 23, 1993), 10th Dist. No. 92AP-1172 at *3;Hall, 2005-Ohio-4572, at ¶ 13, citing Newsome.
 {¶ 23} We disagree with the foregoing, non-precedential authority. As previously noted, an ambiguity exists "only when a provision in a policy is susceptible of more than one reasonable interpretation."Hacker, 75 Ohio St.3d 118, 119-120. We acknowledge that the insurance policy at issue includes "because of bodily injury" in the coverage section and "for bodily injury" in the policies exclusion. However we do not believe that the language in the policy is in any way ambiguous. The insurance policy at issue defines bodily injury as "bodily harm, sickness, or diseases, including required care, loss of services and death resulting therefrom." Because the definition includes "death resulting therefrom," there is no rational distinction between the phrases "for bodily injury" and "because of bodily injury." The exclusionary language used in the "other auto *Page 12 
exclusion" can only reasonably be interpreted as limiting coverage to vehicles specifically covered under the insurance policy.
 {¶ 24} In short, we hold that the "other owned auto" exclusion listed in the Westfield insurance policy clearly and unambiguously precluded coverage of both Alva and Melinda's claims, individually, and the claim's of Sam's estate. Accordingly, we hold that the trial court did not err in granting summary judgment to Westfield and in denying the appellants' motion for summary judgment.
 {¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., concurs. WILLAMOWSKI, J, dissenting.
[1] The complaint alleged that Taylor had an insurance policy with a $50,000 limit. The trial court granted summary judgment in favor of appellants and against Taylor on the issue of liability. Taylor is not a party to this appeal, and the trial court's decision in favor of appellants and against Taylor on the issue of liability is not at issue in the present appeal.
[2] In their reply brief, the appellants argue that Westfield asserted an argument in its brief which had not been argued before the trial court. According to the appellants, Westfield argues that "only claims occurring in the listed covered autos provide insurance coverage for the wrongful death", however, the only argument before the trial court was the "other owned auto" exclusion. We disagree with the appellants' contention that a new argument was presented. Westfield's argument, before the trial court and this court, is that the "other owned auto" exclusion limits coverage to vehicles listed in the policy.