OPINION
{¶ 1} Plaintiff-Appellant Owner Operators Independent Drivers Risk Retention Group ("Appellant") appeals from the September 28, 2007 Judgment Entry of the Court of Common Pleas, Marion County, Ohio overruling Appellant's motion for summary judgment.
 {¶ 2} This matter involves the interpretation of an insurance contract and stems from events occurring on August 23, 2003 in Wyandot County, Ohio. On this date, Defendants-Appellees Mieczyslaw Pielak ("Pielak") and Natasha T.J.D. Stafford ("Stafford") were involved in a motor vehicle accident on U.S. Highway 30 in Wyandot County. At the time of the accident, Pielak was employed by *Page 3 
Defendant-Appellee White Red Transportation Services, Inc. ("White Red")[1] . Prior to the August 23, 2003 accident, Appellant issued liability insurance policy #PLL200189A ("the policy") to White Red. The policy provided liability coverage to White Red and its employees for accidents caused by negligence.
 {¶ 3} As a result of the accident, Pielak was charged with Aggravated Vehicular Assault in violation of Ohio Revised Code section2903.08(A)(2). Although Pielak initially pled not guilty to the charge, he later changed his plea to no contest. On July 15, 2004 Pielak was convicted of Aggravated Vehicular Assault, a felony of the fourth degree.
 {¶ 4} On April 1, 2005 Stafford filed a complaint in the Wyandot County Court of Common Pleas against White Red, Pielak, and Swiderek alleging personal injuries arising out of the August 23, 2003 accident.
 {¶ 5} On December 21, 2005 Appellant filed a complaint for declaratory judgment in the Marion County Court of Common Pleas alleging that it had no duty to defend or indemnify White Red, Pielak, and/or Swiderek in the underlying liability action. The parties subsequently filed cross motions for summary judgment.
 {¶ 6} In its motion for summary judgment, Appellant sought a judgment declaring that it was not responsible for insurance coverage damages caused by *Page 4 
Pielak due to his conviction of vehicular assault as a result of the accident. In response, the Appellees sought a declaration that insurance coverage did exist and that the coverage should be provided to the various Appellees. Accordingly, the trial court was to determine whether the accident was excluded from coverage under the insurance policy written by Appellant because the injury to Stafford was "expected or intended from the standpoint of the insured." (See September 28, 2007 Judgment Entry).
 {¶ 7} On September 28, 2007 the trial court issued a Judgment Entry wherein it determined that the accident was not excluded from coverage under the terms of the insurance policy. The trial court also declared that Appellant "has an obligation under the subject policy to defend Defendants Swiderek, Pielak, and White Red, in the action filed by Defendant Stafford in the Wyandot Common Pleas Court (the "Liability Action")." Accordingly, the trial court denied Appellant's motion for summary judgment and granted the Appellees' motions for summary judgment.[2]
 {¶ 8} Appellant now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT TO APPELLANT, BECAUSE THE CONVICTION OF APPELLEE PIELAK FOR A CRIME INVOLVING RECKLESSNESS CONCLUSIVELY PROVED *Page 5 THAT HARM WAS EXPECTED TO RESULT FROM SUCH CONDUCT.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEES, BECAUSE THE CONVICTION OF APPELLEE PIELAK FOR A CRIME INVOLVING RECKLESSNESS CONCLUSIVELY PROVED THAT HARM WAS EXPECTED TO RESULT FROM SUCH CONDUCT.
 ASSIGNMENT OF ERROR NO. 3 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES, BECAUSE, APPELLEES FAILED TO MEET THEIR EVIDENTIARY BURDEN, AND, AT A MINIMUM, APPELLEE PIELAK'S CONVICTION OF A CRIME INVOLVING RECKLESSNESS CREATED AN ISSUE OF FACT.
 {¶ 9} In its three assignments of error, Appellant argues that the trial court erred in denying its motion for summary judgment and granting Appellees' motions for summary judgment because Pielak's conviction for Aggravated Vehicular Assault proved that harm was expected to result from his conduct. Specifically, Appellant argues that a finding of criminal recklessness proves that the injury was "expected or intended" and thus, Appellees are excluded from coverage under the terms of the insurance policy. For ease of discussion, we shall consider Appellant's assignments of error together.
 {¶ 10} An appellate court reviews a grant of summary judgment independently, without any deference to the trial court.Conley-Slowinski v. Superior Spinning Stamping Co. (1998),128 Ohio App.3d 360, 363, *Page 6 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v. Warnement 3rd Dist. No. 1-06-03,2006-Ohio-2797 citing Lorain Nat'l. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); see Horton v. Harwich Chem.Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
 {¶ 11} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E). *Page 7 
 {¶ 12} "[A]n insurance policy is a contract between the insurer and the insured." McDaniel v. Rollins, 3rd Dist. No. 1-04-82, 2005-Ohio-3079 at ¶ 31 citing Wilson v. Smith, 9th Dist. No. 22193, 2005-Ohio-337 at ¶ 9. The court must interpret the language in the insurance policy under its plain and ordinary meaning.Id. at ¶ 32 citing Wilson, 2005-Ohio-337, at ¶ 9. When the contract is clear and unambiguous, the court "may look no further than the four corners of the insurance policy to find the intent of the parties."Id. An ambiguity exists "only when a provision in a policy is susceptible of more than one reasonable interpretation." Hacker v.Dickman (1996), 75 Ohio St.3d 118, 119-120, 661 N.E.2d 1005.
 {¶ 13} The insurance policy issued by Appellant to White Red provided liability coverage to White Red and its employees for accidents caused by negligence. The policy provided, in relevant part, as follows:
 We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, covered by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto."
(See policy, Section II, subsection (A)).
 {¶ 14} The issue as to whether Appellees' claims are specifically excluded from coverage by the policy is subject of this appeal. To be effective, exclusions in insurance policies must be clear and exact.Lane v. Grange Mut. Companies *Page 8 
(1989), 45 Ohio St.3d 63, 545 N.E.2d 499. The policy in this case contained exclusions, and provided, in relevant part, as follows:
 B. EXCLUSIONS
 This insurance does not apply to any of the following:
 1. Expected or Intended Injury
 "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."
(See policy, Section II, subsection (B)(1)). This exclusion language is commonly referred to as the "intentional acts exclusion."
 {¶ 15} In Physicians Insurance Company of Ohio et al. v. Swanson
(1991), 58 Ohio St.3d 189, 569 N.E.2d 906, an insurer brought an action seeking a declaration that the insurance policy's exclusionary provisions for intentional acts exempted it from a duty to defend its insured. In Swanson, the Ohio Supreme Court was required to interpret two different insurance policies containing exclusionary language similar to the policy language in the present case.
 {¶ 16} The first policy in Swanson provided, in relevant part, as follows: "personal liability coverage and . . . medical payments to others does [sic] not apply to bodily injury or property damages (a) which is expected or intended by the insured[.]" Swanson,58 Ohio St.3d 189 at 190. The second policy provided, in relevant part, as follows: "Personal Injury means: (A) bodily harm . . . to others caused by an accident; * * * Accident means an event or series of unrelated events that unexpectedly, unintentionally and suddenly causes personal injury or property *Page 9 
damage during the policy period. * * * We will not cover Personal Injury or Property Damage caused intentionally." Id. at 190-191.
 {¶ 17} In interpreting the policies' exclusionary clauses, the Ohio Supreme Court held "that in order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended. It is not sufficient to show merely that the act was intentional." (Emphasis added). Swanson, 58 Ohio St.3d at 193-94. Accordingly, the Ohio Supreme Court held that although the insured intentionally fired a BB gun in the direction of the injured person, the injury itself was neither intended nor substantially certain to occur, the exclusion did not apply and the insurers were obligated to defend and indemnify their insured.Id.
 {¶ 18} This court has also addressed the "expected or intended" language of insurance policies. In Maffett v. Moyer's Auto Wrecking,Inc. 3rd Dist. Nos. 3-99-11 and 3-99-12, 2000-Ohio-1871[3], we were required to interpret the exclusionary language of an insurance policy in a declaratory judgment action involving the obligations of an employer's insurance company relating to an underlying wrongful death action.
 {¶ 19} The exclusionary provisions of the policy in Maffett are identical to the provisions at issue in the present case. The language of the Maffett policy *Page 10 
provided, in relevant part, as follows: "Exclusions. This insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the insured." In interpreting this provision, we followed the Ohio Supreme Court's rationale in Swanson and held as follows:
 Therefore, in order for the exclusion concerning bodily injury that was "expected" or "intended" to apply the worker's death must be shown to have been deliberately intended by the employer. It may not simply arise from employer conduct that was substantially certain to occur.
 * * *
 Therefore, as a matter of law, the exclusionary provision for "expected" or "intended" injuries contained in the policy . . . does not apply to the case at hand because the death of the Appellant's husband was not shown to have been deliberately intended.
Maffett, 2000-Ohio-1871 at *4-5.
 {¶ 20} Additionally, in Bott and Cincinnati Insurance Co. v. Stephens,et. al., 3rd Dist. No. 1-05-09, 2005-Ohio-3881, this court also addressed the question of whether a finding of recklessness in a criminal proceeding proved that an injury resulting from the crime fell under an "intentional acts" exclusion in an insurance policy; an issue similar to the present case.
 {¶ 21} The policy language in Bott provided, in relevant part, as follows:
 "We will pay for damages for bodily injury or property damage for which any insured becomes legally responsible because of any auto accident. * * * An accident is defined in the policy as "an unexpected or unintended event that causes bodily injury and/or property damages and arises out of the ownership, maintenance or use of your covered auto or a non-owned auto." *Page 11 
Bott, 2005-Ohio-3881 at ¶ 6.
 {¶ 22} In Bott, the insured was found guilty of aggravated vehicular assault in violation of R.C. 2903.08.[4] However, this finding was the result of a no contest plea. In addressing the insured's no contest plea within the context of Crim.R. 11(B), we held as follows:
 The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceedings. Thus, the underlying facts that supported the conviction may not be used in this civil proceeding. The only effect of the conviction is that the trial court can take notice that Stephens [the insured] recklessly caused serious physical harm to another while operating a motor vehicle. R.C. 2903.08. The statute does not require that the defendant intend the action that resulted in the serious physical injury.
Bott, 2005-Ohio-3881 at ¶ 7.
 {¶ 23} We determined that the language of the policy specifically excluded intentional acts and that the insured was convicted of committing a reckless act, not an intentional act. We also noted that although the underlying facts of the conviction may support a finding of intent, they "may not be considered in this *Page 12 
case." Id. at ¶ 8. Accordingly, we found that as the definitions intentional and reckless were not interchangeable, the conviction alone was insufficient for finding that the insured committed an intentional act which would exclude coverage under the policy. Id. at ¶ 8.
 {¶ 24} Additionally, the Fifth District Court of Appeals has recently addressed an exclusionary clause similar to the one at issue in the present case. In Western Reserve Casualty v. Glagola, 5th
Dist. No. 2005CA00225, 2006-Ohio-6013, the court was required to construe an insurance policy in a case involving criminal recklessness where the insured had been convicted of reckless homicide. The insurance policy at issue in Glagola contained a coverage exclusion for bodily injury or property damage "which is expected or intended by the insured." Glagola at ¶ 12-13. In applying Swanson, supra, the court stated as follows:
 The Swanson court held an intentional injury exclusion does not apply when there is no intention to commit harm, even if the act involves the foreseeable consequences of great harm or even amounts to gross or culpable negligence. Applying this standard to the criminal definition of recklessness does not translate to an intentional act under civil law.
Glagola at ¶ 41.
 {¶ 25} Thus, the court found that "the proof required to establish an intentional tort in the case at bar must be beyond evidence of recklessness" and concluded that "a conviction for an offense containing the element of recklessness does not, as a matter of law, trigger an intentional acts exclusion in an insurance *Page 13 
policy." Id. at ¶ 44. Additionally, the court found that "the criminal conviction does not in and of itself establish the act was intentional."Id. at ¶ 46.
 {¶ 26} Taken together, Swanson, Bott, Maffett, and Glagola, supra, stand for the proposition that a showing of recklessness does not bring an accident within the "expected or intended" exclusionary language of an insurance policy. However, Appellant alleges that these decisions do not specifically address the "expected" language of the insurance policy and therefore do not apply to the facts of the present case. Accordingly, Appellant submits that we should follow our previous decision of Steinke v. Allstate Insurance Co. (1993),86 Ohio App.3d 798, 621 N.E.2d 1275.
 {¶ 27} In Steinke, Allstate sought a declaration that it had no duty to defend or indemnify its insured for bodily injuries that he caused in forcible entry and detainer incident. As a result of his conduct, the insured pled no contest and was found guilty of disorderly conduct in violation of R.C. 2917.11.[5] The insurance policy at issue excluded from coverage, inter alia, the following: "[B]odily injury, personal injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact *Page 14 
intended by an insured person." (Emphasis added). Steinke,86 Ohio App.3d 798 at 800.
 {¶ 28} In Steinke, we also noted that an essential element of disorderly conduct is that a person acts recklessly. R.C. 2901.22(C) provides that a person acts recklessly when:
 [W]ith heedless indifferent to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
Id. at 803. In affirming the trial court's grant of summary judgment in favor of Allstate, we held as follows:
 Based on the foregoing, we conclude that reasonable minds can only come to the conclusion that the injuries alleged by the Fishers are reasonably expected to result from the criminal act of appellant [the insured]. Since the policy at issue specifically excludes injury or property damages "which may reasonably be expected to result from the intentional or criminal acts of an insured." It follows that Allstate has no duty to defend and was entitled to summary judgment in its favor.
Id. at 803-804.
 {¶ 29} However, we find that Steinke must be distinguished from the present case based upon an analysis of the exact language of the insurance polices. Specifically, we note that in Steinke, insurance coverage was excluded for "bodily injury . . . which may reasonably beexpected to result from the intentional or *Page 15 
criminal acts of an insured person or which is in fact intended by an insured person." In contrast, the exclusionary language of the present policy provides that coverage does not apply to "`bodily injury' or `property damage' expected or intended from the standpoint of the`insured.'" Thus, we find the clause at issue in the present case is tied to a personal expectation by the insured that the injuryitself was expected or intended, and not simply to the more objective standard of what could reasonably be expected to occur such as the language at issue in Steinke. Whatever the facts of this accident may reveal, the record presently is not sufficient for any court to say as a matter of law, that the insured in this case expected or intended the injury or property damage that resulted.
 {¶ 30} Based on the foregoing, we concur with the trial court's determination that Appellant has an obligation under the terms of its insurance policy to defend Defendants-Appellees Swiderek, Pielak, and White Red in the liability action pending in Wyandot County, Ohio. As a result, we find that the trial court did not err in overruling Appellant's motion for summary judgment and granting summary judgment in favor of Appellees. *Page 16 
 {¶ 31} Accordingly, Appellant's three assignments of error are overruled and the September 28, 2007 Judgment Entry of the Court of Common Pleas of Marion County, Ohio is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, JJ., concur.
[1] At the time of the accident, Defendant-Appellee Wesley Swiderek ("Swiderek") was a principal in White Red but was not directly involved in the August 23, 2003 accident.
[2] We note that only Defendant-Appellee Stafford has filed a brief in the present appeal.
[3] Overruled on other grounds; see Penn Traffic Co. v. AIU Ins.Co. (2003), 99 Ohio St.3d 227, 790 N.E.2d 1199.
[4] R.C. 2903.08 provides, in relevant part, as follows: (A) No person, while operating or participating in the operation of a motor vehicle . . . shall cause serious physical harm to another person . . . in any of the following ways: * * * (2) In one of the following ways: (a) As the proximate result of committing, while operating or participating in the operation of a motor vehicle . . . in a construction zone, a reckless operation offense, provided that this division applies only if the person to whom the serious physical harm is caused . . . is in the construction zone at the time of the offender's commission of the reckless operation offense in the construction zone and does not apply as described in division (E) of this section; (b) Recklessly. (Emphasis added).
[5] R.C. 2917.11 provides, in relevant part, as follows: (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; (2) Making unreasonable noise or offensively course utterance, gesture, or display, or communicating unwarranted or grossly abusive language to any person; . . . (Emphasis added). *Page 1